Case 89—Petition Ordinary—February 14.

# Henderson Cotton Manufacturing Co. v. Lowell Machine Shops.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. Interest is allowable as a matter of right and law upon an account from the time when, by the contract, it is payable, or from the time it becomes a liquidated one, unless the parties agree otherwise.

2. An account is to be considered as liquidated after a demand of payment with knowledge of what is claimed upon the part of the debtor and without objection by him; or after it has been rendered to him without objection to it upon his part within a reasonable time.

3. Partial payments on a debt bearing interest must, under the statute, be first applied to the extinguishment of the interest then due.

   It was, therefore, error in this case to add together the principal and interest thereon, and deduct therefrom the credits with interest on each from the time of payment; but as the error was prejudicial to the creditor, the debtor can not complain.

4. Interest—Payment of Principal.—Where a debt bears interest as a matter of law, the fact that the debtor has made partial payments, amounting in all to a sum equal to the principal, does not extinguish the principal, since partial payments are to be first applied to the extinguishment of the interest. The court in this case, therefore, properly refused to instruct the jury that the principal of the account sued on had been paid, and that, therefore, the action could not be maintained. It is only where the allowance of interest is a matter in the discretion of the jury that the mere acceptance by the creditor of the amount of the principal precludes him from claiming interest.

MONTGOMERY MERRITT for appellant.

1. An account for merchandise, whether liquidated or unliquidated, does not bear interest as matter of law. Interest cannot be allowed on unliquidated accounts, and as to liquidated accounts, it is discretionary with the jury to allow or refuse interest. (Murray v. Ware's Adm'r, 1 Bibb, 327; Neal v. Keel, 4 Mon., 164; Harrison v. Handley, 1 Bibb, 446; Cartmell v. Brown, 1 A. K. Mar., 578; Adams Express Co. v. Melton, 11 Bush, 50; Dozier v. Edwards, 3 Litt., 72; McKinney v. Commonwealth, 1 J. J. M., 320; Stark's Adm'r v. Price, 5 Dana, 140; Bell's Adm'r v. Logan, 7 J. J. M., 594; Brown v. McClelland, 1 Mon., 43; 14 Bush, 667; 31 Ill., 528; 83 Am. Dec., 246; Sutherland on Damages, vol. 1, p. 536, and cases cited.)

The account sued on is an unliquidated one. (Raymond v. Williams, 40 Iowa, 117; 6 Am. Dec., 195.) In any event, it could not be construed as liquidated prior to July, 1885, so as to allow interest. (Walden v. Shirbaum, 15 John., 424.)

2. A suit cannot be maintained for interest alone, on a merchant's account, after the principal has been paid in full. (Sutherland on Damages, vol. 1, p. 543; *Ibid.*, p. 677; Robbins v. Cheek, 32 Ind., 328; s. c., 2 Am. Rep., 348; Tillotson v. Preston, 3 John., 229; Am. Bible Soc. v. Wells, 68 Me., 572; s. c., 28 Am. Rep., 82.)

JOHN YOUNG BROWN AND EDWARD W. HINES FOR APPELLEE.

1. Where goods are sold on a fixed term of credit the account bears interest as a matter of right from the time it is due and payable. (2 M. & B., 453; Cartmell v. Brown, 1 Mar., 576; Leisman, &c., v. Otto, 1 Bush, 228; Field v. Burnam, 3 Bush, 518; Reed v. Rensselaer Glass Factory, 5 Cow., 587; Dodge v. Perkins, 9 Pick., 388; Foote v. Blanchard, 6 Allen, 221; Young v. Godbe, 15 Wall., 562; Sutherland on Damages, vol. 1, p. 596; Dana v. Fielder, 12 N. Y., 40; Adams v. Fort Plain Bank, 36 N. Y., 261; Waring v. Henry, 30 Ala., 721; Shields v. Henry, 31 Ala., 53; Selleck v. French, 1 Conn., 32; s. c., 6 Am. Dec., 185, and note, p. 188; Fridge v. State, 3 Gill. and J., 103; s. c., 20 Am. Dec., 469.)

2. Where goods are sold without a term of credit being fixed, the account is due and payable after demand, and bears interest from that date. (Sutherland on Damages, volume 1, page 615; Crawford v. Willing, 4 Dall., 289; Cooper v. Coates, 21 Wall., 105; Barnard v. Bartholomew, 22 Pick, 291; Amee v. Wilson, 22 Me., 116.)

3. Where an account is rendered including a charge of interest, and payments are afterwards made without objection to the account, the debtor can not thereafter object to the item of interest. (Langdon v. Roane's Administrator, 6 Ala., 518; s. c., 41 Am. Dec., 62; Freeman v. Howell, 4 La. Ann., 196; s. c., 50 Am. Dec., 562; Story's Eq. Juris., sec. 526; American Leading Cases, vol. 1, pages 513, 514, and authorities cited.) Especially is this true under our Kentucky statute. (Gen. Stats., chap. 60, art. 1, sec. 5.)

4. *Mere indulgence* on the part of the creditor can not be construed as a waiver of the right to recover interest. (Parke v. Foster, 26 Ga., 465.)

5. Where the right to recover interest is a matter of contract, express or implied, the acceptance of the principal will not bar an action to recover the interest. (Bowditch v. Chickering, 139 Mass., 288; Foakes v. Beer, 9 App. Cases, 605.)

But the balance sued for in this case is a balance of principal, and

not of interest, the statute applying the payments made first to the extinguishment of interest. (General Statutes, chapter 60, article 1, section 5.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant purchased of the appellee the machinery for a cotton factory. The petition does not aver whether the contract was parol or in writing. The evidence shows that it was made by telegram and letter. It is immaterial, however, to the consideration of the questions involved, whether it was one way or the other. It was for the purchase of *about* ninety thousand dollars' worth, payable at certain times. It is admitted that the first bill of about seventy-six thousand dollars in value was delivered under this contract. A few months thereafter a second lot, which was necessary to complete the equipment of the factory, was furnished, it amounting to nearly thirty-five thousand dollars. The appellant claims that, as to it, and the charges for storage, traveling expenses and labor of hands to put up the machinery in the factory, no time of payment was fixed by contract; while, upon the other hand, the appellee insists that the contract, made prior to the delivery of the first lot of machinery, embraced the second one. The principal of the account amounted to one hundred and sixteen thousand nine hundred and five dollars. The appellant, during the year of the purchase, and that following, made various payments upon it at different times, which in all amounted to a sum equal to the principal. The evidence plainly shows that the last one was not accepted by the creditor in satisfaction of the balance of his claim, and it was not made until long after the time of

payment fixed by the contract; and the others were made along at different times during the *interim*, none of them as early as the contract required. Upon the debit side of the account filed with the petition the items of principal, with interest upon each, are added together; while upon the credit side the payments appear with interest added to each from the time of payment. The total of one is then deducted from the other, leaving a balance of three thousand eight hundred and seventeen dollars and forty-six cents, in favor of the appellee, and for it this suit was brought. This mode of counting the interest was erroneous. Our statute provides: "Partial payment on a debt bearing interest shall be first applied to the extinguishment of the interest then due." (Gen. Stat., chap. 60, article 1, section 5.) It was, however, prejudicial to the appellee, and the appellant cannot, therefore, complain.

It contends, however, that the account was an unliquidated one; but whether liquidated or unliquidated, that it does not as a matter of law bear interest; and as the interest is but an incident of the debt, and follows the principal as the shadow does the substance, that no action can be maintained for it after the payment of the principal.

The jury were in substance instructed to allow interest upon the price of the first lot of machinery from the time it was due, save as qualified by the contract; and to do so as to the subsequent purchases if they were made under the same contract; but if not purchased upon the same terms, and no time for payment fixed, that then the price did not draw interest until the account was rendered and payment demanded. The

court refused to comply with the appellant's request, and tell them that the principal of the account had been paid, and, therefore, the suit could not be maintained. Of course this was not true, if any portion of the debt bore interest, because by law any payment had to be first applied to its extinguishment; and the total of the payments only equaled the principal.

It also refused to say to them that the allowance of interest was a matter in their discretion. The appellant admits that the price of the first lot of machinery was, by the contract, payable at certain times; but it avers that the appellee indefinitely extended the time of payment; and it therefore denies the right to any interest whatever. It clearly appears, however, that the appellee merely indulged the appellant and allowed the debt to run beyond its maturity. There is no conflicting evidence upon this point. The first installment was due in June, 1884. In October following the appellee notified the appellant that interest was being charged upon the account, and no objection was made to it. In November following the president of the appellant (who was attending to the matter) offered to give the company's note for the balance then owing. In December thereafter he examined the account upon appellee's books, and, as the burden of the testimony shows, he then made no objection to the interest charges.

In July, 1885, a sale of the factory was desired. The appellant was fearful that the appellee would interfere with the sale. The president of the appellant, but as an individual, guaranteed to the appellee, in

writing, that the property should bring enough to pay the balance of its debt, the amount named, including interest as well as principal.  During the entire period from the time when the first installment for the first lot of machinery became due, until the last payment was made on October 16, 1885, the appellee was frequently requesting payment.  It is evident that both parties understood that the purchases made subsequent to the first one were upon the same terms.  It is equally evident that the jury so found, because they allowed the balance shown by the account sued on, and it conformed in its items and charges to this view.  This fact renders it unnecessary, perhaps, to consider further the refusal of the court to tell the jury that the allowance of interest was in their discretion, or the direction to them, that in the absence of any contract fixing the time of payment, the account would bear interest from the time when it was rendered and payment demanded.

Both reason and authority say, that if, by the terms of the contract, whether oral or written, a debt be due at a certain time, then it by law carries interest from that time in the absence of any agreement otherwise by the parties.  The jury having found this state of case as to the entire claim of the appellee, instructions in the alternative, and based upon a different hypothesis, whether correct or incorrect, cannot affect the verdict.  If this were not so, yet no error appears.

Prior to the statute of 1799, it is questionable whether, in this State, any debt carried interest unless it was evidenced by writing, under seal.  It provided: "All debts founded on any specialty, bill or

note *in writing*, ascertaining the demand, shall carry interest in the same manner as debts due on a bond or bill, with a penalty under seal." (2 M. & B., 853.) Neither the Revised or the present General Statutes contain any such provision; and there is now no statute in this State declaring what debts shall bear interest. Guided by reason, we must, therefore, turn to · the general law for a correct solution of the question. Judicial history tells of a conflict of authority, both English and American, upon the subject. Perhaps no question exhibits in the past a greater variety of opinion. In some instances cases were made to turn upon their particular circumstances, and whether it was equitable or inequitable, to allow interest. In others, arbitrary rules were attempted to be laid down, and often without reference to the reasons upon which they should be founded. They were as variant as the cases, and productive, of course, of confusion instead of system. Hence, there is little harmony in the early history of this branch of the law. By the early common law it was unlawful to take any interest upon any debt whatever. All interest was usurious until the statute, 37 Henry 8, ch. 9. The first advance was the allowance of it as a matter of right upon claims evidenced by writing, under seal. Next, the practice for awhile was not uniform. Some judges allowed it upon liquidated claims, supported by simple written contracts, while others were controlled by an almost superstitious reverence for a seal; but at last it became the settled practice to allow interest as a matter of right upon liquidated claims, when evidenced by writing. In this country a more liberal rule has generally.

prevailed than in England. Upon principle there is
no ground for a distinction between liquidated claims,
whether existing in parol or by writing. Why should
the allowance of interest be made to depend upon the
character of the mere evidence of the claim, instead of
the contract of the parties, either express or implied?
If A orally promises to pay B a thousand dollars
which he owes him, by a certain time, why, after de-
fault, should he not in reason as well as morally, be
as much bound to pay interest as if the promise had
been in writing? In either case the parties themselves
fix the time of payment. Our courts, perceiving the
wisdom as well as the justice of it, have therefore
adopted the rule to allow interest as a matter of law
where a claim is liquidated, and by the contract,
whether oral or written, express or implied, is pay-
able at a certain time. The common law is of such a
flexible character as to admit of such extension. This
fact illustrates its wisdom. Its principles are not fluc-
tuating and uncertain, but so framed as to admit of
application to the varying conditions of business and
society.

The true ground upon which to put the allowance
of interest is the fault of the party who is to pay the
debt. If he has made default of payment, then *ex æquo
et bono*, he should reimburse the creditor for keeping
him out of the use of his money. He should render an
equivalent for the use of what is not his own. If there
be a specified time for payment, and a failure to then
pay, or a demand of payment of a liquidated claim
and default, then the debt should, as a matter of law,
bear interest from the time of such failure. This is

the current of authority, and it is supported by both right and reason.

In the case of Young v. Godbe, 15 Wall., 562, the Supreme Court said: "If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment. And if the account be stated, as the evidence went to show was the case here, interest begins to run at once." Sutherland on Damages, page 596, repeats the same rule when he says: "In this country, the principle has long been settled, that if a debt ought to be paid at a particular time, and is not then paid, through the default of the debtor, compensation in damages, equal to the value of the money, which is the legal interest upon it, shall be paid during such time as the party is in default. The important practical inquiry, therefore, in each case in which interest is in question, is, what is the date at which this legal duty to pay, as an absolute present duty, arose."

In some of the earlier cases in this State, as Harrison v. Handley, 1 Bibb, 443, it was held that interest could not be allowed upon a merchant's account. They were in the line of the old common law authorities, and were decided when the statute of 1799 was in force. Undoubtedly, if an account be not payable by contract at a particular time, the debtor should be put under a duty to pay by a demand, or what is equivalent thereto, an account rendered. An account is to be considered as liquidated after a demand of payment with knowledge of what is claimed upon the part of the debtor, and without objection by him; or after it has been

rendered to him, without objection to it upon his part, within a reasonable time. (Walden v. Sherburne, 15 John., 409.) The assent of both parties to it as stated is thereby implied. Story says: "An account rendered shall be deemed an account stated, from the presumed approbation or acquiescence of the parties, unless an objection is made thereto within a reasonable time." (1 Story's Equity, section 526.) The rendering of the account is equivalent to a demand of payment.

It informs the debtor as to the character and amount of the claim; he may examine it, and if no objection be made, it then becomes a stated one, and from that time a liquidated claim. (Sutherland on Damages, p. 615.) He then knows that payment is desired, and he then becomes chargeable with delinquency if he fails to pay. He is using the creditor's means, and not his own, and he should, therefore, render an equivalent by paying for its use.

In case of an unliquidated claim, as upon a *quantum meruit*, interest is not allowable as a matter of law, or *prima facie*, because it does not necessarily follow that the duty has been imposed upon the debtor to pay it. In such cases, therefore, its allowance or disallowance is properly left to the discretion of the jury, to be exercised according to the circumstances of the case, and whether he has been delinquent without cause; but where it has been liquidated by a rendering of the account to the debtor or demand of payment made of him with knowledge upon his part of its character, it then becomes due and carries interest from that time like one payable by contract at a specified time, because an implied contract to pay it then arises. In this in-

stance, payment of the account was often demanded, with knowledge upon the part of the debtor, that interest was claimed and being charged upon it. It could hardly be presumed that it expected to be indulged upon so large a debt for so long a period without the payment of interest. Its president inspected the account upon the books of the appellee, and it continued to make payments until they amounted to a sum equal to the principal of the debt. Most assuredly the claim was a liquidated one. Hence, if it did not appear that the jury found that the entire account was by the contract due at a fixed time, yet the court did not err in refusing upon the facts of this case to tell them that the allowance of interest was in their discretion. If such had been the case, then it is true that the action could not have been maintained after the payment of the principal.

Our conclusion, after a careful review of the authorities, and as thoughtful a consideration of the matter as we are able to give it, is, that interest is allowable as a matter of right and law upon an account from the time when by the contract it is payable, or from the time it becomes a liquidated one, unless the parties agree otherwise.

Judgment affirmed.