## Murrell's Executor et al. v. Bohannon.

(Decided March 12, 1929.)

(As Modified, on Denial of Rehearing, May 7, 1929.)

FRANK J. DOUGHERTY for appellant.

J. WHEELER CAMPBELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCAND-
LESS—Reversing.

Mrs. Mary Murrell by her last will devised all of her
estate in trust for the benefit of her daughter to whom
the income was to be paid. Upon her daughter's death,
her entire estate, aside from two special bequests, was to
be divided among her brothers and sisters and their de-
scendants.

The following writing was among her papers: "Due
Mrs. M. M. Murrell, Two Thousand dollars $2,000.00, in
cash this day borrowed from her. This 6th day of Oct.
1924. [Signed] J. H. Bohannon."

A reference is made to this writing in the last clause
of Mrs. Murrell's will, which reads:

"My brother, J. H. Bohannon, is indebted to me
in the sum of $2,000.00, and if the same or any part
of it shall remain unpaid at the time of my death it
is my will and I desire that the debt be not collected
by the executor, but that the same be transferred to
said trustee, the Columbia & Fidelity Trust Co., and
held by it as an investment of that much of the estate
held by it in trust and I desire that during the life
of my brother no suit be brought to collect said debt.
In order that the same may not be barred by the
statute of limitation, the trustee is authorized with-
out liability to itself to renew said note at any time
and my said brother must in order to avail himself
of the extension herein given renew the same when
requested by said trustee."

This paper was regularly transferred to the trustee
under the will; and it brought this action under the De-
claratory Judgment Act for a judicial determination if
and when interest was collectible on that instrument.

The learned chancellor construed the instrument as
a due bill and as equivalent to a note payable on demand,
which did not contemplate the payment of interest; and
held that interest would not run as a matter of law on
such an obligation until maturity through a demand made
for payment; reliance being had on Cooke v. Clark's
Committee, 51 S. W. 316, 21 Ky. Law Rep. 316, in which
the action was upon a demand note. Having reached
this conclusion, he was further of the opinion that the
will showed Mrs. Murrell had not made demand, and that
by the clause quoted in the will she had put it out of the

power of the trustee to make demand, and therefore interest could not begin running until the death cf J. H. Bohannon. There is authority from other courts holding that a due bill is a mere acknowledgment of an indebtedness and not a promise to pay. For this reason it is generally held that such instruments do not bear interest until payment is demanded. But in this state a clear distinction has been drawn in this respect between due bills and demand notes. Thus in the early case of Francis v. Castleman, 4 Bibb, 282, the obligation read:

> "I acknowledge myself justly indebted to Lewis Castleman in the sum of seventy pounds, for value received of him this 11th day of October, 1805. Evan Francis."

Judgment was rendered in appellant's favor for interest from date of instrument. On appeal several questions were raised, and in reference to this one the court said:

> "As to the propriety of giving judgment for interest from date of the note, there is still less room for doubt. There is no time specified in the note when the money should be paid; and according to the settled doctrine of the law, where there is no time specified for the performance of an act which is in its nature transitory, as the payment of money most indisputably is, the act is to be performed presently. This case is therefore wholly unlike the case of a note payable upon demand or request. In the latter case the demand or request, by the express terms of the contract, is made a precedent event or condition upon which the money is payable, and until the event happens the interest cannot regularly begin to run."

While not cited in later cases there has been no departure from the rule laid down in the Francis case. And it has some corroboration in the cases of Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668, 7 S. W. 142, 9 Ky. Law Rep. 831; Magruder v. Ericson, 146 Ky. 89, 141 S. W. 1195; L. & N. R. Co. v. Com., 94 S. W. 655, 29 Ky. Law Rep. 669. In the first of which it is said: "Our courts, perceiving the wisdom as well as the justice of it, have therefore adopted the rule to allow interest as a matter of law where a claim is liquidated, and

by the contract, whether oral or written, express or implied, is payable at a certain time.'' In the case of a due bill the indebtedness is liquidated, and, if construed as a promise to pay, inasmuch as no time is specified for payment, it may be said to be due presently or at once, and therefore should bear interest from date; and, in view of the modern tendency to liberalize the allowance of interest on loans and for forbearance upon indebtedness, we are not disposed to depart from the rule laid down in the Francis case. In this view of the case it is not essential to review the propriety of the rule in Cooke v. Clark's Committee, supra. It follows that the instrument here involved bears interest from date, and the chancellor erred in holding otherwise.

The remaining question is as to when the interest on this obligation is payable. Ordinarily interest is an incident of the debt, and in the absence of stipulation its payment cannot be coerced separately from that of the principal obligation. In this case the obligation by its terms is due and payable in praesenti. But the will postpones such payment. However, that instrument also provides that this obligation is to form part of a trust estate, the income of which is to be paid to testratrix's daughter, and the accruing interest is the only income that can be derived therefrom. A will must be construed as a whole; and in claiming the benefits conferred by the will appellee must assume the burdens it imposes. It follows that he should pay interest on this fund during his life. By analogy to the statutory provisions for other trust funds, this should be paid upon the first demand, and biennially thereafter.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.