## Carrs Fork Coal Co. v. Johnson Drug Co.

(Decided May 23, 1933.)

CRAFT & STANFILL for appellant.
NAPIER & EBLEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

The opinion construes a portion of the Labor Scrip Law, section 4758b-1, Kentucky Statutes.

The appellee, Johnson Drug Company, acquired a considerable amount of scrip issued by the appellant, Carrs Fork Coal Company, to its employees  As provided in the statute, it presented the scrip for redemption on regular pay days of the company, as follows:

On October 14, 1930, an aggregate of $2,464.27; on May 23, 1931, an amount of $923.15; and on August 8, 1931, a total of $1,312. Payment having been refused, suit was instituted against the coal company for $4,699.42, with interest on the several amounts from the respective dates of presentation. An issue was raised as to whether the plaintiff had paid face value for the scrip; in fact, all of the allegations of the petition were denied. On motion of the defendant, rested upon the complicated account rule, the case was transferred to equity and referred to a special commissioner. His findings were that the purchaser had complied with the provisions of the law, and, with the exception of a $2 overcharge, full value in merchandise had been paid for the scrip amounting to $4,649.02. The court confirmed the report of the commissioner and entered judgment for that sum with interest, as prayed in the petition. An allowance of $175 was made to the commissioner for his services and ordered taxed as costs. The defendant on this appeal from that judgment maintains only that the statute does not authorize the collection of interest on the scrip when it has been accepted in payment of merchandise sold the employees to whom it was issued, and that the allowance to the special commissioner is excessive.

The statute, section 4758b-1, requires redemption of the scrip issued for labor in cash upon presentation to it on regular pay days:

"Provided, that any person, firm or corporation, buying said scrip or other evidence of debt which has been issued to employees for labor shall be entitled to sue the person, firm or corporation issuing the same if payment is refused and shall be entitled to recover face value therefor if it has been paid for in goods and merchandise in store, and if paid for in cash, shall be entitled to recover the amount paid for said scrip or other evidence of debt issued to employees, together with six per cent. interest from date said scrip was purchased, and in the event said amount paid for said scrip or other evidence of debt issued to employees, is less than the face value thereof, and that the amount paid and interest thereon is less than face value of said scrip, the residue of the face value thereof shall be

credited on the books of the employer to the employee to whom it was issued and said employee shall be entitled to receive same on any regular pay day of said employer," etc.

The question is whether the clause, "together with six per cent. interest from date said scrip was purchased," applies only to the clause "if it has been paid for in cash," or applies also to the clause "if it has been paid for in goods and merchandise in store," so as to make interest payable on all scrip regardless of medium of payment. It will be observed that the first provision is for the redemption at face value if it has been paid for in merchandise. The second clause introduced by "if" provides that the purchaser shall be reimbursed, not for the face value, but for the amount paid for the scrip, and, in addition, shall be entitled to interest from the date he purchased it. The next clauses relate to redemption if less than face value has been received by the employee from the purchaser, and the difference in the medium of exchange is again recognized, interest being coupled with the purchase for cash, but omitted in the reference to the purchase with merchandise. While the grammatical structure is not as clear as it might be, we think it was intended to express the meaning that interest is collectible up to the day of presentation of the scrip to the employer only when the purchaser has paid cash for it.

Reason supports analysis. When a merchant gives merchandise for the scrip at regular sale prices, the presumption is that he has included a profit on it; hence he ought not to collect interest also. Current store accounts or unliquidated open accounts do not bear interest in the absence of an agreement. Scanlon-Thompson Coal Company v. Lick Branch Coal Company, 243 Ky. 100, 47 S. W. (2d) 1007. But when cash is given it is a gratuitous transaction, and, unless the purchaser can collect interest, he loses in the exchange. Ordinarily where cash is given for a promissory note or other instrument evidencing a debt, the payment of interest is expected and collectible as compensation for the advancement. Henderson Cotton Manufacturing Company v. Lowell Machine Shops, 86 Ky. 668, 7 S. W. 142, 9 Ky. Law Rep. 831; Murrell's Executor v. Bohannon, 229 Ky. 13, 16 S. W. (2d) 455. The interest contemplated by the scrip statute is chargeable to the em-

ployee up to the time of presentment to the employer.

But a different status is reached by presentation of the scrip for redemption and demand for payment made. By law wages for labor must be paid in money at stated periods. Section 244, Constitution, and sections 1350, 2738r-1, Statutes. This scrip or token is regarded by the statute as evidence of an advancement of wages, is transferable, and must be paid in lawful money, else its issue could not be allowed. Avent Beattyville Coal Company v. Commonwealth, 96 Ky. 218, 28 S. W. 502, 16 Ky. Law Rep. 414, 28 L. R. A. 273; Pond Creek Coal Company v. Riley Lester & Bros., 171 Ky. 811, 188 S. W. 907; Western Kentucky Coal Company v. Nall & Bailey, 228 Ky. 76, 14 S. W. (2d) 400. When that time comes and demand is made, the contractual obligation becomes one between the employer and the holder of the scrip as the legal assignee of the right to collect the wages. Since all of the scrip involved in this case was received by the plaintiff in payment of merchandise, and no interest whatsoever was chargeable against the employees to whom the scrip was issued, it is apparent under the above construction of the law that the judgment allowing interest from the dates of presentation for redemption must find support elsewhere than in the expressed terms of the statute.

To hold that, when payment of the scrip is refused, no interest can be collected in any event, would be opposed to general principles of law and give the one issuing and owing the scrip an unconscionable advantage. If the appellant's contention that no interest is payable were sound, then, by merely refusing to honor the scrip and bringing into play devious and divers methods of delay, the payor could have the use of the money represented by the tokens for an indefinite and perhaps considerable period of time. It is the law that when money is payable on demand interest runs from the date of the demand. Shepperd v. Bowling, 6 Ky. Ops. 197; Paducah Land, Coal & Iron Company v. Hayes, 24 S. W. 237, 15 Ky. Law Rep. 517; Lackey v. Richmond & Lancaster Turnpike Road Company, 17 B. Mon. 43; Cooke v. Clark's Committee, 51 S. W. 316, 21 Ky. Law Rep. 316. The statute makes these media of exchange redeemable upon demand on regular pay days of the payor. That is the date payable as fixed by the statute. The statute becomes and is an essential part

of the obligation. Elkhorn Piney Coal Mining Company v. Elvove, 237 Ky. 570, 36 S. W. (2d) 3. Interest on money runs from the time when it becomes due and payable in the absence of an agreement providing otherwise. 15 R. C. L. 9, 11; 33 C. J. 230, 233; City of Covington v. South Covington & Cincinnati Street Railway Company, 147 Ky. 326, 144 S. W. 17. We have the familiar rule that, if a borrower fails to pay interest as stipulated, he must pay interest on that sum, and (in this jurisdiction) that interest on interest coupons begins to accrue when they are due. Kentucky Title Company v. English, 50 S. W. 968, 20 Ky. Law Rep. 2024; Burke v. Trabue's Ex'x, 137 Ky. 580, 126 S. W. 125. Another general rule is that one who makes advances for the benefit of another is entitled to interest upon the amount advanced or loaned, although nothing is said about interest at the time of the transaction. 33 C. J. 202; Colston v. Chenault, 45 S. W. 664, 20 Ky. Law Rep. 226; Magruder v. Ericson, 146 Ky. 89, 141 S. W. 1195. As was said in Kenton Insurance Company v. First National Bank, 93 Ky. 129, 19 S. W. 185, 186, 14 Ky. Law Rep. 32:

> "It is well settled in this country that, even if a person has the money of another person lawfully in his possession, and uses it as he would his own, he is chargeable with interest for the use. He has used the property to which another was entitled, not as a gift of the use, but as a matter of right, and, by the broad principles of right, he should pay interest for the use. He should not be allowed to profit by the use of another's property without paying him for that use."

Since justice to the purchaser of this scrip, who has become the creditor of the employer, cannot be done without it, the law raises an implied promise to pay interest on the sum due from its demand and refusal. Therefore the judgment allowing interest from the dates of presentment and refusal is proper.

The commissioner reported that he had held sittings to hear proof in the case "beginning on July 14, 1932, and continuing from day to day until" the parties announced they were through with the taking of the testimony. He gave a resume of the evidence and his conclusions. Later in a verified supplemental report

the commissioner stated that "he heard the testimony in the case and all motions and he has completed said case," and asked for an allowance of $175. It was granted. Section 1740 of the Statutes fixes the fees of a court commissioner at $3 a day for the time he was actually engaged, and there is no discretion in the court in that matter, although the statute does not prevent an allowance for extraordinary services or actual expenses incurred in the performance of his duties. Section 396 of the Statutes requires that the commissioner shall file a verified statement of the number of days he has acted before any allowance can be made and unless that has been done the order making the allowance is erroneous. Livingston County v. Dunn, 244 Ky. 460, 472, 51 S. W. (2d) 450; Roberts v. Fiscal Court of McLean County, 244 Ky. 596, 601, 51 S. W. (2d) 897. The allowance of the $175 fee to the commissioner was unauthorized upon the showing made.

The judgment is affirmed except as to that part allowing the commissioner's fee. That part of it is reversed for consistent proceedings.