## Bassett v. Paine's Adm'r.

(Decided May 26, 1936.)

J. W. DOWNER for appellant.

H. W. LINTON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Maggie G. Paine and her husband conveyed to Mamie T. Bassett a storehouse and lot in Hopkinsville, Ky., on July 28, 1919. Mamie T. Bassett was Mrs. Paine's niece. The consideration recited in the deed was as follows:

"The party of the second part hereby agrees and promises to pay to the parties of the first part, as part consideration for this conveyance, the sum of Seventy Five Dollars ($75.00) per month, to be paid on the last day of each month so long as Mrs. Maggie G. Paine, one of the parties of the first part, shall live; and as a further consideration for this conveyance, the party of the second part has this day executed and delivered to Mrs. Maggie G.

Paine, one of the parties of the first part, her promissory note for the sum of Seven Thousand Five Hundred Dollars ($7,500.00) without interest, payable to the estate or heirs of the party of the first part upon her death.''

The note executed to Mrs. Paine by the vendee reads as follows:

"Hopkinsville, Ky., July 28th, 1919.

"$7,500.00

"Upon the death of Mrs. Maggie G. Paine, I promise to pay to her estate, or heirs at law, the sum of Seven Thousand Five Hundred Dollars ($7,500.00), without interest, this being the balance of purchase money for storehouse and lot located on the East side of Main Street in the City of Hopkinsville, Kentucky, this day conveyed to me by said Mrs. Maggie G. Paine, and being a storehouse and lot conveyed to her as one of the heirs at law of George O. Thompson, in the division of his real estate among his heirs and children.

"Given under my hand, this July 28, 1919.

"[Signed] Mamie T. Bassett."

Mrs. Bassett paid to Mrs. Paine $75 a month until the latter's death in May, 1930. She failed to pay the note for $7,500 and on April 14, 1934, the administrator of Mrs. Paine's estate brought this action to recover $7,500 "with interest thereon from May ——, 1930." In her answer, Mrs. Bassett admitted that the note was due at the death of Mrs. Paine, but denied that the plaintiff was entitled to recover any interest. The case was submitted on the pleadings and exhibits, and the court adjudged that the plaintiff recover from the defendant the sum of $7,500, with interest thereon at the rate of 6 per cent. per annum, from June 1, 1930. Mrs. Bassett has appealed from so such of the judgment as adjudged a recovery of interest. It is her contention that the note and deed indicate that no interest was to be paid on the note, even after maturity. The note provides that it was to mature at the death of Mrs. Paine. It was certainly contemplated by the parties that it would be paid when due, and the words "without interest" were intended to apply only to the time preceding Mrs. Paine's death, when she was re-

ceiving payments from appellant at the rate of $75 per month.

It was the intention of the parties to make it clear that no interest should be paid during the lifetime of Mrs. Paine and while the monthly payments, which were part of the consideration for the real estate, were being made by the maker of the note. They did not intend to postpone indefinitely the right of Mrs. Paine's heirs to receive the proceeds of the note, and at the same time deprive them of all interest during the delay in its payment. It is the settled rule that when an obligation is expressly payable at a time certain the debtor is in default if he fails to pay at that time, and interest runs from the time when the money should have been paid. Carrs Fork Coal Co. v. Johnson Drug Co., 249 Ky. 371, 60 S. W. (2d) 952; Lang v. Bach, 142 Ky. 224, 134 S. W. 188. The appellant agreed to pay the note at the death of Mrs. Paine. As payment was not then made, she was in default and interest began to accrue as an incident of the debt, recoverable as such. In Roberts v. Smith, 64 Tex. 94, 53 Am. Rep. 744, it was contended that a note payable in six months "without interest" did not bear interest after maturity. In affirming the judgment for interest from maturity, the court said:

"The note sued on was payable six months after date without interest. It is settled law that where a contract bears an agreed rate of interest from date, it will bear the same rate after maturity. But it has never been held that if a note expressly provides that it shall carry no interest from date, that interest shall not be calculated upon it after maturity. It would require an express contract in plain terms to this effect, or the circumstances should clearly demand such a construction, to deprive the payee of his interest on such a contract after it became overdue. 'When expressed, the words used by the parties determine their rights; and, if they require construction, this is generally, if not always, in favor of interest.' 2 Pars. on Bills and Notes, 392."

The judgment of the circuit court, being in accord with the views herein expressed, is affirmed.