

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

~~WXBKXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

Hon. John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. O-5682
Re: Salaries to be paid to
juvenile officers and assist-
ant juvenile officers in
Bexar County.

Attention: Mr. Jay Sam Levey:

Dear Sir:

Your letter of October 18, 1943, requesting the opin-
ion of this department on the question stated therein reads,
in part, as follows:

"A question has arisen as to the compensation allowed
juvenile officers and we have been requested to secure an
opinion from you relative thereto.

"What are the limitations of salaries to be paid to
juvenile officers in Bexar County, having a population
of 338,176 inhabitants according to the 1940 Federal
Census?

"Article 5142 of the R.C.S. of Tex., as amended, be-
ing Acts of 1937, 45th Legislature, p. 545, ch. 269, Sec-
tion 1, provides that the salaries of assistant juvenile
officers shall be the same as that fixed by the General
Law in Article 3902 of the R.C.S. of Tex., 1925, for as-
sistants to other county officials.

"Article 3902 was amended a number of times and no
longer applies to counties having a population in excess
of 190,000 inhabitants. Such counties are now governed
by Article 3912e, of which subdivision h provides that a
first assistant or chief deputy shall be compensated not
to exceed $3500.00 per annum, one assistant or deputy not
to exceed $3000.00 per annum and other assistants, depu-
ties and employees not to exceed $2400.00 per annum.
There is a further proviso that chief clerks or chief
deputies in county and district offices shall receive not
less than $3000.00 per annum, each, and heads of depart-
ments not less than $2500.00 per annum, each."

Bexar County has a population of 338,176 inhabitants
according to the 1940 Federal Census. Article 5142, Vernon's

Hon. John R. Shook, page 2   (O-5682)


Annotated Civil Statutes, provides, in part:

"* * *

"Provided that in counties having a population of one hundred and fifty thousand (150,000) or more, and containing a city of one hundred thousand (100,000) or more, the County Judge may appoint a juvenile officer, subject to the approval of the County Juvenile Board, to serve for a period not to exceed two (2) years from the date of appointment, and whose extra duties shall be to make investigations for the Commissioners Court on applications for charity, or admittance into detention homes or orphan homes created by such counties. The salary of such juvenile officer shall not exceed Three Hundred Dollars ($300) per month, his allowance for expenses not to exceed Two Hundred Dollars ($200) a year. Such juvenile officer may select assistant juvenile officers, subject to the approval of the County Judge and County Juvenile Board, the number of such assistant juvenile officers not to exceed one assistant to each twenty-five thousand (25,000) population. The salaries of such assistant juvenile officers shall be the same as that fixed by the General Law in Article 3902, of the Revised Civil Statutes of Texas, 1925, for assistants to other county officials. Such assistant juvenile officers may be allowed expenses not to exceed Two Hundred Dollars ($200) per year each." (Emphasis supplied)

Article 5142, supra, was enacted as a Civil Statute by the 36th Legislature, Second Called Session, 1919. (S.B. No. 48, Ch. 51, p. 130, General Laws) Apparently, Senate Bill No. 48, supra, was substantially the same as Article 1202, Vernon's Annotated Code of Criminal Procedure, 1911, which was held void as to the appointment of salaried probation officers in the case of Walsh v. McConnell (Tex.Com. of App.) 273 S.W. 833. Article 5142, Revised Civil Statutes of 1925 was amended by Senate Bill No. 138, Acts of the 40th Legislature, Regular Session, 1927. This Act (S.B. 138, supra) was held void as to the appointment of salaried probation officers by the Supreme Court in the case of Hamrick v. Simpler, 95 S.W.(2d) 357. Article 5142 of the Revised Civil Statutes of Texas of 1925, as amended by Acts of the 40th Legislature, 1927, was again amended by H.B. No. 146, Acts of the 45th Legislature, Regular Session, 1937. The above quoted provision of Article 5142 as it now appears in said Article was contained in both the 1927 and 1937 Acts. It will be noted that the foregoing provision of Article 5142 expressly provides that the salary of the juvenile officer shall not exceed $300 per month and his allowance for expenses not to exceed $200 a year. Said provision also expressly provides that the salary of assistant juvenile officers shall be the same as

that fixed by the General Law in Article 3902, of the Revised
Civil Statutes of Texas, 1925, for assistants to other county
officials.   Therefore, we must look to Article 3902 of the
Revised Civil Statutes of Texas, 1925, to determine the amount
of compensation to be paid assistant juvenile officers.

Article 3902, of the Revised Civil Statutes of Texas,
1925, is a statute, among other things, prescribing the maximum
compensation which may be allowed for deputies or assistants to
officers named in Article 3883 for their services.   The juvenile
officer is not named in Article 3883.   However, Article 5142,
as heretofore stated, expressly provides that the salaries of
such assistant juvenile officers shall be the same as that fixed
by the General Laws in Article 3902, of the Revised Civil Stat-
utes of Texas, 1925, for assistants to other county officials.

The applicable portion of Article 3902, of theRevised
Civil Statutes of Texas, 1925, reads as follows:

"* * *

"Provided, that in counties having a populationin ex-
cess of one hundred thousand inhabitants the maximum com-
pensation that may be allowed such deputies or assistants
for their services shall be as follows, to-wit:

"First assistant or chief deputy not to exceed twenty-
four hundred dollars per annum, provided the commission-
ers' court may increase said amount to not exceed to rate
of three thousand dollars per annum, where a necessity
therefor is shown, and where the person to be appointed has
been previously the head of a department for not less than
one year, or has been in the continuous service of the
county for a period of not less than two years.

"Head of departments may be allowed by the court,
when in their judgment such are necessary, not to exceed
a rate of twenty-four hundred dollars per annum, when such
heads of departments sought to be appointed shall have pre-
viously served the county for not less than two continuous
years.   Other heads of departments shall receive not to
exceed twenty-one hundred dollars per annum; provided, that
no head of a department shall be created except where the
person sought to be appointed is to be in actual charge
thereof, with deputies or assistants under his supervision,
or a department approved by the court and only in offices
capable of a bona fide subdivision into departments.

"Deputies or assistants other than those above pro-
vided for may be allowed, the number to be determined by

the commissioners' court, and their salaries based as far as possible on a graduated scale according to service, ability and qualifications.  Fifty per centof the number so appointed may be authorized at a rate not to exceed twenty-one hundred dollars per annum, provided such rate shall be allowed only to deputies in service for two years or more, and all other so appointed at a rate not to exceed eighteen hundred dollars per annum.

"Provided further, that in determining the number of inhabitants in each of the instances heretofore mentioned, the number of inhabitants as shown by the last United States census shall control.

" * * *."

In view of the foregoing statutes, you are respectfully advised that the salary of the juvenile officer of Bexar County cannot legally exceed the sum of $300 per month, and his allowance for expenses cannot legally exceed the sum of $200 per year.  (Article 3142)  It is our further opinion that the salaries of assistant juvenile officers are expressly fixed by Article 3902, of the Revised Civil Statutes of Texas, 1925. Stated another way, the maximum compensation of the assistant juvenile officers cannot exceed the amounts set forth in Article 3902, of the Revised Civil Statutes of Texas, 1925.

We have carefully considered Subsection h, Section 19, Article 3912e, Vernon's Annotated Civil Statutes, and it is our opinion that this statute has no application to the question under consideration in that Article 5142, supra, expressly provides that the compensation of assistant juvenile officers shall be the same as that fixed by the General Laws in Article 3902, of the Revised Civil Statutes of Texas, 1925, for assistants to other county officials.  It is true that Article 3902 has been amended several times and is not now applicable to counties containing a population of more than one hundred and ninety thousand inhabitants, according to the last Federal Census.  However, Article 5142, supra, has not been amended with reference to the above quoted provision fixing the compensation of assistant juvenile officers.  Article 5142, supra, in fixing the compensation of assistant juvenile officers merely used Article 3902 of the Revised Civil Statutes of Texas, 1925, as a yardstick to determine the maximum compensation that could be paid such assistant juvenile officers, and as heretofore stated, it is our opinion that the maximum compensation of such assistant juvenile officers cannot exceed the amounts set forth in Article 3902, of the Revised Civil Statutes of Texas, 1925.

In connection with the foregoing conclusion, we want to point out that it is well established ir this State that "an officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." (Tex.Jur., Vol. 34, p. 507)

It is stated in Texas Jurisprudence, Vol. 34, p. 508:

"Statutes prescribing fees for public officers are strictly construed; and hence the right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary, and the other not, the latter construction should be adopted. It is no concern of an officer that the Legislature may have been toward other officers more liberal than toward him in the matter of compensation for services; nor does this fact justify the courts in upholding his claim for compensation for services as against a fair and reasonable interpretation of the statute.

" * * *"

Article 3902, Vernon's Annotated Civil Statutes, is a general statute applicable to counties having a population of 190,000 inhabitants or less, authorizing district, county or precinct officers of such counties to appoint deputies, assistants or clerks in the manner prescribed therein and said statute fixes the maximum compensation of such deputies, assistants or clerks. Article 5142, supra, is a "reference statute" as it refers to Article 3902 of the Revised Civil Statutes of Texas, 1925, for the purpose of determining the maximum compensation of assistant juvenile officers. Article 5142 is a statute authorizing the appointment of assistant juvenile officers and prescribes the mode of making such appointments and said statute also prescribes the maximum compensation of such assistants by stating "that the salaries of such assistant juvenile officers shall be the same as that fixed by the General Laws in Article 3902, of the Revised Civil Statutes of Texas, 1925, for assistants to other county officials." Generally speaking, it is well established that a statute giving authority to do a particular thing, and prescribing the mode of doing it is mandatory in the sense that all other modes are excluded. (Weaver v. Robinson, 268 S.W. 133; Ellis v. Holcombe, 69 S.W.(2d 449) Therefore, as heretofore stated, the maximum salary of the juvenile officer of Bexar County cannot legally exceed the sum of $300 per month, and his allowance for expenses cannot legally

exceed the amount of $200 per year.   The maximum salaries of the assistant juvenile officers are expressly fixed by Article 3902, of the Revised Civil Statutes of Texas, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED OCT 29, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

AW:EP:wb

Encl.