# C. W. Jacobs Chevrolet Co. v. Bennett.

November 22, 1946.

F. R. Whalin and G. R. Drinnon for appellant.

Anderson Wood for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

We state the case made out by the appellee, W. G. Bennett, as plaintiff, against the appellant, C. W. Jacobs, doing business as Jacobs Chevrolet Company, as defendant. In August, 1945, he bought a used pick-up truck for the ceiling price, which was to be ascertained. He paid $300. down. At the same time he delivered to the defendant a used sedan to be repaired and sold by the defendant, who would pay him $830., the ceiling price which he,

as an individual, was entitled to sell it for. The defendant, as a dealer, could receive a higher price. Several days afterward the defendant reported the sale of the sedan. Later he came to plaintiff's place of business and laid some papers on a counter, saying to Bennett, "Here is the title for the truck and the settlement." Bennett was waiting on a customer at the time. He examined the papers in a few minutes and found them to be an OPA form with some figures on it, a receipted bill for $28.40 and $1.60 in money. He at once saw that the amount was not correct. He learned that the ceiling price on the truck was $502.50 where there was no warranty of condition, and this had been sold to him by Jacobs without a warranty. The defendant refused to pay him the balance of $597.50 which he claimed. This suit followed. The amount is arrived at by deducting the sum of the balance owing on the truck, $202.50, the repair bill of $28.40, and cash, $1.60 ($232.50) from $830.

The defendant made out his case by testifying that there was an even trade of the sedan, which he was to repair, and the truck, so that nothing was due the plaintiff. He owed the plaintiff $1.60 for repairs of a radio and its payment did not enter into this transaction at all. He insisted that he had given Bennett a warranty for the truck, and in such a sale the ceiling price was $655. The OPA document which he had delivered to Bennett showed the warranty.

In rebuttal, the plaintiff testified that he had no charge of any sum against the defendant for radio work. He denied the transaction was as related by the defendant. The judgment on a verdict was for the amount asked by the plaintiff, with interest from September 1, 1945.

It is argued by the appellant that the court committed prejudicial error in overruling his motion to require the plaintiff to file the OPA document which he had given him. Bennett had testified that this had been sent to that Federal Bureau in Lexington. It appears that Bennett had made complaint to it against Jacobs. It also appears that it was necessary that the form be filed there in order for Bennett to obtain gasoline ration coupons for the machine. The difference between the parties in this respect was only whether the truck had been sold

with or without a warranty. Of course, the paper itself was the best evidence of its contents, but it seems to have been just as available to the defendant as it was to the plaintiff. This was not the contract or evidence or memorial of the contract. It was really nothing more than a self-serving written statement of the defendant. At any rate, Bennett testified that when he had seen the figures on the paper were not in accord with the agreement, he immediately repudiated the transaction as therein shown. We do not think the ruling of the court was prejudicially erroneous.

The court gave an instruction offered by the plaintiff which was in substance that the jury should find for him if they believed it was agreed the defendant would sell the sedan and pay plaintiff the difference between the low ceiling price of $830., less the repair bill, the $1.60, and the balance of $202.50 owing by the plaintiff on the truck. The appellant contends that the instruction was erroneous in that the balance of $202.50 is predicated on the assumption that the plaintiff was to pay the low ceiling price of $502.50 for the truck, and that it did not give the jury an opportunity to decide whether he was to pay that sum or the high ceiling price of $644. for a warranted machine. That instruction set forth the plaintiff's contention, and another offered by the defendant set forth his contention, namely, that there was an even exchange of the automobiles. The submision of the question whether the sale of the truck was at the lower or higher ceiling price would have permitted the jury to find for the plaintiff $141.50 less than the $597.50, which it did find under the plaintiff's instruction. This was a pro tanto defense and the defendant is not in position to claim that the court erred in not submitting the question to the jury, for he offered no instruction on the point.

The instruction directed the jury if they should find for the plaintiff to award him $597.50, with interest from September 1, 1945, but the verdict was only for the stated sum and made no reference to interest. However, the judgment contained the item of interest from the date the petition was filed. Under the issue submitted to the jury, the amount recoverable, if any, was a liquidated or definite sum. In such a case the matter of interest is for the court and not for the jury and need not have been

included in the instruction. It was, therefore, no error to allow it in the judgment notwithstanding its omission from the verdict. A liquidated claim carries with it interest from the time it was due in the absence of any agreement to the contrary, and the filing of the petition in this instance must be regarded as that date. Long v. Bach, 142 Ky. 224, 134 S. W. 188.

There is no merit in the argument that the verdict should have been set aside as being flagrantly against the evidence. The testimony of the parties was in direct conflict and each of them had some little corroboration. The issue was one for the jury to determine, and we think that it determined it rightly.

The judgment is affirmed.