Irvin ARROWOOD, d/b/a Big Sandy Petroleum Company, Appellant,

v.

Elmer LYON, Appellee.

Court of Appeals of Kentucky.

March 25, 1955.

Rehearing Denied June 24, 1955.

Simeon S. Willis, Ashland, W. A. Johnson, Paintsville, for appellant.

Clay & Rosenbaum, Lexington, Wheeler & Wheeler, Paintsville, for appellee.

MOREMEN, Justice.

This action was instituted by appellant, Irving Arrowood, who did business under the name of Big Sandy Petroleum Company, against appellee, Elmer Lyon, a former employee, to recover alleged shortages that occurred during the period of appellee's employment. The case was referred to the master commissioner and before him a voluminous record was compiled. The master commissioner recommended that no recovery be had and, upon this recommendation, the court entered judgment denying recovery and dismissing appellant's petition as amended.

On September 1, 1948, appellant employed appellee in the capacity of manager, bookkeeper, and supervisor of his business. Appellee remained in that employment until November 15, 1949, at which time he resigned and went to Arizona. After appellee's departure, appellant caused an audit to be made of the company's books. This audit purports to show that during the period of Lyon's employment a shortage of approximately $17,500 occurred. The master commissioner reported that in order for the court to hold appellee liable under the proof, it must be presumed, if any shortage was shown, that appellee Lyon took the money or goods and that neither appellant Arrowood, nor any of his several employees, who all had an opportunity to take the money or goods, if taken, did take it, and the master commissioner declined to make such an assumption.

Appellant insists that Lyon was employed in a fiduciary capacity and that when that relationship exists and a shortage of accounts is shown, the burden is on him to explain the deficiencies shown by the audit.

A review of the evidence introduced discloses that while Lyon had rather broad authority in connection with the operation and management of the company's affairs and bore the title of assistant manager, he was not in complete authority or in control of the company's books, money or other assets. The appellant himself retained unlimited authority to draw upon the company's current cash or check upon the money that had been deposited in bank, and he exercised this right freely.

The nature of appellant's business involves the distribution of petroleum and its products at both a wholesale and retail level and, in connection with the business, a retail station was operated. It was shown appellant would occasionally remove cash from the station register, insert an I O U for the amount taken, which would later be destroyed without cash having been substituted for it. It was also shown that he would, from time to time, write checks upon the company's funds for money to be used for strictly personal purposes, such as bills for remodeling property belonging to his wife, contributions to his church, vacation trips and similar items. Another employee, Evans, a maintenance man, also had authority to issue checks, collect and handle money and order merchandise. The channels of authority in this company seemed to be vaguely defined and the opportunity was great for many persons to use the company's assets. The result was, of course, that the books of the company were in bad condition and even a very skillfully prepared audit fails to correct the faults resulting from the loose management. It is true that these other employees, and also the appellant, denied that they had misappropriated any of the funds, but this denial alone is not sufficient to fix the liability upon appellee.

In support of his contention that the relationship of employer and employee is a fiduciary one and hence the burden is upon the employee to explain any shortages, appellant relies upon Robertson v. Wolfe, 214 Ky. 244, 283 S.W. 428, 49 A.L.R. 469; Combs v. Poulos, 241 Ky. 617, 44 S.W.2d 571; Toomey v. Graber, 300 Ky. 788, 190 S.W.2d 480, and McDaniel v. Tarry, 229 Ky. 396, 17 S.W.2d 252. These cases do no more than state the general principle that fraud will not be presumed in the absence of circumstances which impose a particular duty upon the person so charged and recognize that when certain fiduciary relationships exist, the law imposes a duty

to disclose peculiar facts gained because of the relationship.

We have recognized and applied this rule in easily discernible fiduciary relationships, such as attorney and client, trustee and cestui que trust, and guardian and ward, to mention but a few. 23 Am.Jur., Fraud and Deceit, section 81 at page 858. But here we are presented with the question as to whether or not the bare relationship of employer and employee is sufficient to summon that duty.

We can conceive of cases where the rule would be applicable, such as a case where the employer has removed himself entirely from the scene of actual business management and transaction, and where the employee has been granted complete authority with its accompanying entire responsibility but, as we have pointed out above, such was not the case here because the authority was divided and several people shared a divided responsibility for the operation of the company. In effect, the application of this rule depends upon the factual situation shown by the evidence. In this case, upon facts shown, the master commissioner and the court properly found that the rule had no application here.

Finally appellant complains because the court, on its own motion, allowed to the master commissioner a fee in the amount of $650. No verified statement of services he had rendered was filed, as is required by KRS 64.260. The allowance, therefore, was erroneous. Carrs Fork Coal Co. v. Johnson Drug Co., 249 Ky. 371, 60 S.W.2d 952. Neither party to this appeal, as far as the record discloses, was given an opportunity to object to the allowance of the fee, the first objection to it being in the Statement of Points filed at the time the notice of appeal was filed. The judgment must be reversed only insofar as it affects this one point. No act of the appellee precipitated this error, and in view of the fact that the case is affirmed on the merits of the actual controversy between the parties, we are of opinion that the imposition of the costs of this appeal should be the same as if the judgment had been affirmed in its entirety.

For the reasons given, the judgment is affirmed in part and reversed in part.