CASE 37.—ACTION BY THE DEPOSIT BANK OF CARLISLE
        AGAINST G. W. BRAMBLETT AND OTHERS ON
        TWO PROMISSORY NOTES INVOLVING A QUES-
        TION OF USURIOUS INTEREST.—March 14.

## Bramblett, &c., v. Deposit Bank of Carlisle

Appeal from Nicholas Circuit Court.

J. J. OSBORNE, Circuit Judge.

Judgment   for   plaintiff.   Defendants.   appeal.
Affirmed.

1. Bills   and   Notes—Renewals—Payments—Interest—How   Com-
   puted—In order to ascertain the exact amount due on a note,
   which has been repeatedly renewed, so as to purge it from
   usury, the sum originally loaned should be taken as the
   original principal, and interest should be calculated upon
   that sum at the rate of 6 per cent per annum, until the first
   renewal or payment—such payment should be applied first
   to the discharge of interest accrued, and any excess should
   be applied on the principal.   When the note is renewed,
   accumulated interest, which had not been paid, should be
   added to the remaining principal, which sum is to constitute
   a new principal, upon which interest is to be calculated and
   payments applied as above indicated.
2. Contract—Interest in   Advance—Legality—It is competent for
   parties to agree to pay a legal rate of interest in advance,
   and such payment is not regarded as usurious.

KENNEDY & DICKSON and LEWIS APPERSON for appel-
lant.

The errors upon which appellants chiefly rely are:
First—In the action of the court in permitting the amended
petition to remain a part of the record, which was filed on October
17, 1902, in vacation, by overruling the appellants' motion to strike
out and by overruling appellants' demurrer to the same.
Second—The error of the court in directing the manner of
calculation to be made by the commissioner.   The order was filed

Bramblett, &c., v. Deposit Bank of Carlisle.

on October 9, 1902, and was objected and excepted to by the appellants at the time.

Third—The error of the court in overruling the exceptions of the appellants to the commissioner's report of calculation of interest, which was filed on February 2, 1903.

### AUTHORITIES CITED.

Riddle v. Lewis, 7 Bush, 197; Guthrie v. Wickliffes, 1 Mar., 584; Taylor v. Knox, 5 Dana, 470.

JOHN I. WILLIAMSON and HOLMES & ROSS for appellees.

### POINTS AND AUTHORITIES.

1. There was no error in directing and permitting the amended petition to be filed. (Deposit Bank of Owensboro v. Robertson, 17 Ky. Law Rep., 1254; Civil Code, section 134; H. Felton Co. v. Thompson, 22 Ky. Law Rep., 758; Adams Oil Co. v. Christmas & Hughes, 19 Ky. Law Rep., 760; Brannon, Brand & Glover v. Brawner, 19 Ky. Law Rep., 343; Brannon v. Brawner, 8 Ky. Law Rep., 434; Kleimer, &c., v. Covington Perpetual B & L. Association, 24 Ky. Law Rep., 735; 7 Ky. Law Rep., 376.)

2. The mode of calculation as directed by the order of reference is correct. (Farmers' Bank of Ky. v. Calk, 4 Ky. Law Rep., 617; 16th Am. & Eng. Ency. of Law, p. 1079; Rhodes v. Blythe, 2 B. Mon., 335; Castleman, &c. v. Holmes, 4 J. J. Marshall, p. 4; Haggar v. Blake, 16 Neb., 12; 46 Am. St. Rep., p. 190 note); McGovern v. Union, &c., 109 Ill., 151; Young v. Hill, 67 N. Y., 162; Taliaferro's Exc. v. King's Admr., 9 Dana, 331; Webb on Usury, section 125.)

3. Commissioner's report and exceptions. On this point we respectfully submit the authorities cited under the second point.

OPINION OF THE COURT BY JUDGE O'REAR.—Affirming.

Appellee instituted this suit against appellant, George W. Bramblett, upon two promissory notes of $14,959.90 each, subject to certain credits, and to enforce a mortgage lien created to secure them. The only defense was that of usury. It is claimed, and is

a fact, that the notes sued upon represented a series of debts created some years prior, which had been renewed from time to time until they were finally consolidated in the notes sued upon. It was charged, and was also true, that the bank had exacted 8 per cent. per annum interest for the loan and forbearance of this money, whereas only 6 per cent is the legal rate. Appellant claimed that the whole of the notes sued upon represented the usury so exacted and taken. In its reply to this answer the bank denied that the notes contained any usury further than $1,501.05. Upon this issue a reference to the commissioner was had, to hear proof and to report the true amount of usury contained in the notes. The bank was required to produce all of its books and papers bearing on the transactions out of which the notes sued upon arose, so that the commissioner and the parties could get at all the facts in the matter. The only witness who testified in the case was the cashier of the bank. He gave a succinct account of the origin and course of each of the constituent debts entering into the notes in suit, together with a statement of all sums paid thereon, whether as interest or otherwise. It is not contended by appellant that his statements were not full and true.

The point in dispute is as to the correct method of calculating the interest and applying the credits. Appellant's contention is that the debts should be taken at the date of their origin as of the amounts actually received then by appellant, and that interest should be counted upon them from that time at the rate of 6 per cent per annum until the entering of the judgment; that partial payments should be applied, whenever made, first, to the discharge of

interest then accrued when there should be enough to discharge it, and, when more than enough to pay the interest then accrued, that the surplus of such payments should then be applied to the principal; that the remainder should be taken as the new principal, and interest calculated and payments applied in this manner without regard to renewals. It is insisted by appellant that the practice of renewals, by which the accumulated interest was carried into a new note and made part of the principal, and then interest calculated upon such principal, was a compounding of interest, and was a taking and exacting of more than 6 per cent. per annum for the loan or forbearance of money; it being contended that the same original loan must always be considered as the principal for the purposes of such calculation. The circuit court rejected this plan, and instead directed the calculation on this basis: That the sum originally loaned should be taken as the original principal, and interest should be calculated upon that sum at the rate of 6 per cent. per annum until the first renewal or payment. That such payment should be applied first to the discharge of interest accrued, and any excess should be applied on the principal. That when the note was renewed accumulated interest, which had not been paid, was then to be added to the remaining principal, which sum was to constitute a new principal, upon which interest was to be calculated and payments applied as above indicated. This rule applied to all the debts.

We are of opinion, the method adopted by the court is the correct one. It was so held in Farmers' Bank of Kentucky v. Calk, 4 Ky. Law Rep., 617;

Rodes v. Blythe, 2 B. Mon., 335; Castleman v. Holmes, 4 J. J. Marsh., 1. In the last styled case it was said: "When a debt is continued by renewing notes, each renewal is to be regarded as a new contract. The old contract is then settled, and the old note is then generally canceled, and thus there is no other contract in existence but the new one. * * * These transactions of renewing debts by new notes are equivalent to paying the existing debt and again borrowing the money. The old debt is paid off by the new. The interest accrued may be inserted in the new note, and thus the consideration and the amount of the debt are both different to what they were originally." In Talliaferro's Exors. v. Kling's Admr., 9 Dana., 331; 35 Am. Dec., 140, the same doctrine is recognized, as well as that it is competent for the parties to agree that interest payable at the end of a term may also bear interest. When the notes matured, not only the principal, but the accrued interest, were demandable by the bank. When the parties agreed that, instead of paying either the interest or the principal, both should be incorporated in the new note, it was equivalent in every practical sense to a new loan, then made, of that much money by the bank to its debtor. Clearly, if appellant had been required to comply with his obligation, and to pay the interest when it was due, the bank might have loaned that interest to any one else, and, of course, to appellant, at the legal rate of interest. That the bank, instead of requiring interest to be paid, as it had the right to do, treated it as paid and then reloaned it to the party owing it, changes neither the legal rights of the parties nor the legal effect of the transaction, although in the absence of such agreement such

interest would not have borne interest as a matter of law.

It is insisted for appellant that the commissioner and the court erred in the matter of calculating the interest in this further particular: That whereas, even under the rule announced by the court, the amount originally loaned as of the time of the original loan was taken as the basis of the calculation, yet in certain enumerated instances appellant had paid interest in advance at 8 per cent, for a definite term; that therefore the adoption of the plan indicated ignored that fact, and required the payment of the interest twice. While the plan suggested was the one directed by the court, in actually applying it, it appears that in the instances where the interest was paid in advance, or, which is the same thing, where the discount was reserved by the bank, and only the net proceeds of the note were paid over to the borrower, the commissioner credited the face of the note with the amount of usury embraced in it, together with interest at 6 per cent per annum upon such usury, and then took the remainder as the true principal, upon which interest was thereafter calculated at 6 per cent. per annum from the maturity, instead of the date of the note. The effect of this was in no sense different from the rule announced by the court. Interest was not twice calculated for the same period. It resulted in interest being calculated once only, but allowed it to be paid in advance, as the parties had agreed by their contract it should be. This was held in Warren Deposit Bank v. Robinson's Admrs., 35 S. W., 275; 18 Ky. Law Rep., 78, to be legal, and not an infraction of the usury laws of the State; for it is competent for

parties to agree to pay a legal rate of interest in advance, and such payment is not regarded as usurious. It was proper, then, for the court to have respected the executed agreement of the parties in this case, and to have treated the payment of interest in advance as the parties did at the time.

A question of practice is presented which in our opinion does not affect at all the substantial rights of appellant. It is that after the issue above indicated was formed the court of its own motion required appellee bank to further amend its petition by setting out in detail and chronologically the original and renewal of each of the constituent debts of the notes sued upon with all payments made thereon whether of interest or otherwise. The order of the court required this amendment to be filed within a given time, which extended beyond the term of the court. As a matter of fact it was filed within the time, but during the vacation. Appellant contends that there is no authority under the Code to file an amended petition during vacation. Even if this should be conceded, we are of opinion that this proceeding was not hurtful to appellant. As a matter of fact it was not necessary, as the issue was already completed and the proof had already been taken.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.