CASE 71.—ACTION BY ISAAC H. TRABUE'S EXECUTRIX AGAINST EARLE E. BURKE, IN WHICH H. S. IRVIN AND THE TOWN OF CARRSVILLE WERE MADE PARTIES.—March 18, 1910.

## Burke, &c. v. Trabue's Extx, &c.

Appeal from Livingston Circuit Court.

J. F. GORDON, Judge.

Judgment for plaintiff, Irvin appeals and the town of Carrsville files a cross appeal.—Affirmed on both appeals.

1. Appeal and Error—Finding Based on Doubtful Evidence—Review.—Where the evidence is such as to leave the mind in doubt, a finding of the chancellor based thereon will not be disturbed on appeal.

2. Appeal and Error—Record—Presumptions.—Where the records contained nothing showing that a town had acquired title to certain land between the town and a river, and all of the plats filed showed that there was vacant land between the town and the river, it cannot be presumed on appeal that the town extended to the river.

3. Adverse Possession—Vacant Land—Effect of Constructive Possessions of Owner.—Where a grantor conveyed vacant land, and the land was not in the possession of any one else, the deed had the effect of giving possession to the grantee, and hence to exclude the possibility of the acquirement of title by adverse possession by one who never possessed actual and adversary possession to the exclusion of the grantee.

4. Wharves—Public Easement—Acquired by Long-Continued Use.—Where a town used a strip of land for wharf purposes, which was long continued and uninterrupted, it acquired an easement in the land for that purpose.

5. Vendor and Purchaser—Land Subject to Public Easement—Knowledge of Vendee—Presumptions.—Where at the time a purchaser acquired land, she had notice of a public easement in the land, she was charged with knowledge of the inconvenience resulting from it.

6.  Covenants—Public    Easement—Effect—Warranty.—The    existence of a public easement does not constitute a breach of the covenant of general warranty.

7.  Interest—Power to Contract—Interest on Interest.—It is competent for parties to agree that interest payable at the end of a term shall also bear interest, and if the interest is made payable at a certain time, and is not then paid, it becomes a debt bearing interest.

C. C. GRASSHAM, BERRY & THRELKELD, J. H. BUSH and C. H. WILSON for appellants.

HENDRICK, MILLER & MARBLE for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On January 1, 1896, Isaac H. Trabue conveyed to Emeline E. Burke a tract of land consisting of about 700 acres situated in Livingston county, Ky., and surrounding the town of Carrsville. The deed contained a covenant of general warranty. The consideration was $2,500. Of this sum $1,400 was paid in cash, and the purchaser executed two notes for the balance. Each of these notes was dated January 1, 1896. One was for $600, and was payable May 1, 1896, with interest at the rate of 6 per cent. per annum, "to be paid semiannually, if not paid at maturity." The other was for $500, due and payable on January 1, 1901, with interest thereon at the rate of 6 per cent. per annum, "to be paid annually from the 1st day of January, 1896, until paid." The purchaser having made default in the payment of these notes, Isaac H. Trabue instituted this action to enforce his vendor's lien. Emeline E. Burke died before any answer was filed, and the action was afterwards revived against her son and only heir at law, the appellant Earle E. Burke. During the progress of the action, H. S. Irvin, a brother of Emeline E. Burke, was made on his

own petition a party defendant. Irvin's interest arises in the following way: He purchased the land, against which the lien notes were held, from his sister for some security debts that he had at one time paid for her. The defense interposed to the petition was that Trabue failed to put his purchaser in possession of about 8 acres of land lying between the town of Carrsville and the Ohio river; that this land at the time of the execution of the deed was in the adverse possession of the town of Carrsville and the deed was therefore champertous as to said land.

During the progress of the case the court permitted the town of Carrsville to be made a party and set up its claim to the land in question. It claimed the land under and by virtue of Richard Miles' patent, granted by the Commonwealth in the year 1822. Trabue claimed the land under and by virtue of a patent which he obtained from the commonwealth in the year 1866. Considerable proof was taken and the case then submitted to the chancellor. The court held that, at the time the town of Carrsville was laid out, the owner of the land on which it is located did not own the tract in controversy lying between said town as laid out and the low-water mark of the Ohio river, but that said strip of land was vacant and was properly patented by Trabue. It was further held, however, that the town of Carrsville had an easement for wharf purposes by virtue of long-continued use, but that this easement did not constitute ownership or adverse possession against the fee. The counterclaim of H. S. Irvin, for credit on notes on account of the alleged loss of said strip of land, was disallowed and dismissed. Judgment was then given in favor of plaintiff below, and the land ordered to be sold to pay the debt. From that judgment, Irvin ap-

peals, and the town of Carrsville prosecutes a cross-appeal.

The trial court held that the Richard Miles' patent did not cover the strip of land in controversy, and that it was, therefore, vacant land. The evidence upon this point is such as to leave the mind in doubt, and for that reason the finding of the chancellor will not be disturbed. There is certainly nothing in the record tending to show that the town of Carrsville ever acquired title to the tract in controversy. Every plat filed in the action shows that there was vacant land between the town of Carrsville and the river. Under this state of case, it cannot be presumed that the town of Carrsville extended to the river.

It is insisted, however, that the town of Carrsville made out a case of adverse possession. The evidence upon this point is simply to the effect that the people of that town and of the surrounding towns used a certain portion of the land for wharf purposes. There was never any actual adverse possession on the part of the town of Carrsville. That being the case, Trabue did not fail to put his purchaser in possession. The land not being in the possession of any one else, the deed had the effect of giving possession. We think the court properly held that the town of Carrsville had an easement for wharf purposes in the strip of land in controversy. It showed a long-continued and uninterrupted use of the land for that purpose. At the time the purchaser acquired the land, she had notice of this public easement. It must therefore be presumed that she made the purchase with knowledge of the inconvenience resulting from it. The existence of a public easement does not constitute a breach of the covenant of general warranty. Bird v. Bank of Williamstown, 13 S. W. 430,

11 Ky. Law Rep. 868; Butt v. Riffe, 78 Ky. 354; Helton et al. v. Asher, 123 S. W. 285, 136 Ky. —.

The court did not err in giving judgment for interest on the semiannual payments of interest which became due after the maturity of the $600 note, or in giving judgment for interest on the annual payments of interest which became due after the maturity of the $500 note. The doctrine in the case of Hall v. Scotts' Adm'r, 90 Ky. 340, 13 S. W. 249, has no application to the facts of this case. There the rule was announced that it should be presumed, unless the contrary appears, that the parties contracted for the payment of semiannual interest for and during the time that the paper was by the contract to run; i. e., until its maturity. In the case before us the contrary appears; therefore the presumption does not arise. One of the notes provides for semiannual payment or interest after maturity; the other, for annual payments of interest until paid. Here, then, is an express contract. The rule is well settled that it is competent for parties to agree that interest payable at the end of a term shall also bear interest. If the interest is made payable at a certain time and is not then paid, it becomes a debt bearing interest. Talliaferro v. King, 9 Dana, 331, 35 Am. Dec. 140; Bramblett, etc., v. Deposit Bank of Carlisle, Ky., 122 Ky. 324, 92 S. W. 283, 28 Ky. Law Rep. 1228, 6 L. R. A. (N. S.) 612; Radford, etc., v. Southern Mutual Life Ins. Co., 12 Bush, 434. As the contract expressly provides in the case of one note for semiannual payments of interest after maturity, and in the case of the other for the payment of annual interest until paid, we conclude that the method of calculation adopted by the trial court was proper. Upon the return of the case, the court will enter an order re-

stricting the easement of the town of Carrsville to that part of the land heretofore used by it.

The judgment is affirmed, both on original and cross appeal.