## Wren et al. v. Peoples' Bank.

(Decided February 13, 1931.)

J. J. FELTON and H. H. DENTON for appellants.

S. D. LEWIS for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—
Reversing.

On April 21, 1930, a judgment was rendered against the appellants, and certain property they had mortgaged to secure this debt was ordered sold. This judgment is rather complicated, but the amount it would have that day required to settle it is $2,587.91. From that judgment Mr. and Mrs. Wren have appealed.

On May 6, 1919, G. L. Wren executed to the People's Bank of Mt. Vernon, Ky., his note for $4,526.90, due in six months thereafter, with interest from maturity, and to secure its payment he and his wife, Ida Wren, mortgaged to the bank certain property. Thereafter G. L. Wren made to the bank about forty different payments of either principal or interest on this note. On August 20, 1929, the bank sued upon this note and sought an enforcement of its mortgage to satisfy same. The defendants in their answer pleaded the note contained usury, of which they sought to purge it, and that, in addition to the credits indorsed on the note, they were entitled to a further credit of $100 paid some time in the year 1923. The bank by reply pleaded that the defendants' claim as to any usury paid on this note was barred by the provisions of section 2517 Ky. St. By agreement all pleadings were controverted. A deposition was taken which throws no light on the controversy whatever, and on April 21, 1930, the cause was submitted; the plaintiff then agreeing the defendants might have a credit for the $100 they claimed to have paid, and that this credit should be entered as of date May 1, 1925, which the court did, and thereupon entered the judgment stated.

The court erred in entering a personal judgment against Ida Wren for anything, as she had not signed this note. The court erred in entering a personal judgment against G. L. Wren for the amount he did; this we have said amounted to $2,587.91 on April 21, 1930, when the true sum that day due and owing on this note was $1,927.83.

We have arrived at these figures by computing interest on this note and allowing credit for the payments

shown on the note and the $100, which the court found was paid May 1, 1925. The inclusion of this calculation in this opinion would be of no interest to any one except these litigants, so we shall omit it, but we have preserved the calculation and left it in the papers so these litigants can examine it or procure a copy of it if they so desire.

There is a calculation made in the appellant's brief according to which the amount due on this debt on April 21, 1930, was, with interest added, $1,904.41. We have seen that calculation and have gone over it carefully. It contains credits that do not appear on the note and are supported by no proof whatever except an unverified statement lodged in the papers. We have found an error of $10 in subtraction in that calculation, have found ten different places where the payments made were less than the accrued interest; yet the calculator each time added the interest and deducted the payment and went on with the new principal larger than the old one. This was erroneous.

### COMPUTATION OF INTEREST AND PARTIAL PAYMENTS

The correct rule for the computation of interest where partial payments have been made is that stated in Hawkins v. Merchants, etc., Loan Ass'n, 89 S. W. 197, 28 Ky. Law Rep. 243, which is the same as the rule stated in 33 C. J. p. 250, sec. 168, also in first part of section 28, p. 31, 15 R. C. L., and which is often called the "United States Rule," because it was stated by the Supreme Court in Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200.

### LIMITATION

This was not an action to recover usury; this was a suit by the bank upon a claim against these defendants, and they were seeking as a defense to purge this claim of the usury which they alleged was embraced therein. The rule is well settled in this state that a debt may be purged of usury so long as any part of the principal debt remains unpaid. See Williams v. Eagle Bank, 172 Ky. 541, 189 S. W. 883; Kendall v. Crouch, 88 Ky. 199, 11 S. W. 587, 10 Ky. Law Rep. 993.

The judgment is reversed, and the court will enter a judgment conforming to this opinion.