## McWilliams et al. v. Northwestern Mut. Life Ins. Co.

Dec. 6, 1940.

L. H. Hilton and Frank J. Daugherty for appellants.

Bruce & Bullitt, Wm. Marshall Bullitt and Robt. Lee Blackwell for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

In 1910 the Northwestern Mutual Life Insurance Company (hereinafter called the Company) issued to James McWilliams (hereinafter called the insured) a policy on his life for $5,000 in which his wife, Fannie L.

McWilliams, was named beneficiary. The policy allowed the insured to change the beneficiary, and on August 2, 1927, by proper indorsement thereon he designated his two daughters, Alice L. and Helen J. McWilliams, the appellants, as beneficiaries. The policy contained this provision regarding loans:

> "If this policy be not then extended as term insurance, the Company will grant a loan in accordance with the table below, at not to exceed six per cent annual interest, upon a satisfactory assignment of the policy as collateral security and subject to the regulations of the Company then in force relating to policy loans."

On August 6, 1927, the insured obtained a loan on this policy for $1,735, after entering into a loan agreement with the Company, the material parts of which read:

> "In consideration of the loan to the undersigned by the Northwestern Mutual Life Insurance Company, of the sum of $1,735.00, payable at its Home Office in the City of Milwaukee, Wisconsin, with interest at the rate of six (6) per cent per annum, payable annually, the undersigned, as security for the payment of said loan with inerest, hereby assign, transfer and set over to the said Company at Milwaukee, Wisconsin, Policy No. 684 609 issued by the said Company on the life of James McWilliams, including all present and future additions thereto.
>
> "In case of the non-payment of any interest on said loan as above provided, such interest shall be added to and become a part of the principal of said loan and shall bear interest at the rate aforesaid. Whenever the total indebtedness to the said Company on account of said loan and accrued interest shall equal or exceed the cash surrender value of said policy, and thirty-one days after notice shall have been mailed to the last known address of the insured, and of any assignee of said policy, the said policy shall, without other action on the part of the said Company, become void and be deemed surrendered in consideration of the cancellation of said loan."

The only payments made on this loan were $110.35

on January 14, 1930, and $138.52 on November 7, 1934, or a total of $249.87. On August 24, 1937, the Company mailed insured a written notice that the principal of the loan and accrued interest to that date amounted to $2,799.45, which amount exceeded the cash surrender value of the policy, and at the expiration of thirty-one days after the date of the mailing of this notice the policy would be cancelled, unless he paid the Company the debt and interest, or paid at least the sum of $158.90 thereon. No remittance was received from insured and on September 24, 1937, the Company mailed him this notice:

"In pursuance of the notice heretofore given and in default of the payment required to avoid termination of the insurance, the above policy is deemed surrendered in consideration of the cancellation of the indebtedness as provided in the loan agreement. The insurance is now out of force and the policy is null and void."

The premiums on the policy were due annually and payable on December 18th. The last premium paid was the one due December 18, 1936, which maintained the policy in force until December 18, 1937, plus thirty days of grace allowed for the payment of premiums which extended the policy until January 18, 1938. Insured died December 31, 1937, and the beneficiaries brought this action to recover the face of the policy less the amount of the debt and interest owed by insured and less the premium due December 18, 1937. The Company pleaded that the loan made insured with compound interest due thereon exceeded the cash surrender value of the policy on August 24, 1937, and as he made no remittance within thirty-one days after receiving written notice of this fact, it cancelled the policy on September 24, 1937, notifying him of that fact.

The beneficiaries filed a general demurrer to the answer which was overruled. They declined to plead further and the cause was submitted for judgment on the pleadings, and the court ordered the petitions dismissed.

The loan at simple interest did not exceed the cash surrender value of the policy by $247.86 when the Company gave the notice on August 24, 1937, referred to above; nor did it exceed the cash surrender value should the interest be treated as a debt bearing simple interest

after it was due; while at compound interest the debt did exceed the cash surrender value of the policy on August 24, 1937, by twenty-four cents. It is contended by appellants that the loan bore simple interest, while appellee contends it bore compound interest. We have reached the conclusion that both are wrong; that by the terms of the policy the interest became a separate debt at each maturing date it was not paid, and each installment of interest when it thus became a separate debt bore simple interest from that date until paid.

The terms of the loan agreement, to the effect that the interest if not paid at maturity became a part of the principal of the loan and bore interest at the same rate as the loan, do not control the rate of interest the insured should pay, as the provision in the policy quoted at the outset of this opinion provided the insured could obtain such loan at not to exceed 6 per cent annual interest. The premium the insured paid on this policy not only purchased life insurance according to its terms, but it further purchased the right to borrow money on the policy up to the amount named therein at not exceeding 6 per cent annual interest, and there was no consideration to support the subsequent loan agreement that the interest charged would be compounded.

There is much argument in the briefs on both sides concerning Sections 656, subd. b and 679, Kentucky Statutes, relative to insurance policies containing the entire contract, but we do not think either of these sections is applicable here. There is no mention made of compound interest until it appears in the loan agreement which is not a part of the policy. Therefore, the subsequent loan agreement modified the original terms of the policy. The rule in this jurisdiction is that alterations or modifications of a contract to be effective must be supported by a consideration. Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980; Vinaird v. Bodkin's Adm'x, 254 Ky. 841, 72 S. W. (2d) 707. There being no consideration supporting the increase of the interest rate in this loan agreement, we are of the opinion it did not modify the terms of the policy relative to the rate of interest the insured was to pay on this loan. The Company's contention that all life insurance is based on the theory that unpaid interest on all loans made by life insurance companies shall be compounded, is met by the statement that the Company easily could

have inserted in the loan provision of its policy that unpaid interest installments on loans would be added to the principal and would bear the same interest as the principal.

Having reached the conclusion that the loan agreement was not supported by a consideration, therefore it could not modify the interest rate named in the policy, we must now determine the meaning of the words "not to exceed 6 per cent annual interest" in the loan provision of the policy. The term "annual interest" specifies the time the interest matures or when it is payable, 33 C. J. 188, Section 28; First National Bank of Stronghurst, Ill., v. Kirby, Mo. Sup., 175 S. W. 926. It has long been the law in this jurisdiction that where a note expresses the date interest is to be paid and if the interest is not paid when it matures, then such interest becomes an independent debt and itself bears interest until paid. The earliest case on the subject is that cited in appellee's brief of Talliaferro's Ex'rs v. King's Adm'r, 9 Dana 331, 39 Ky. 331, 35 Am. Dec. 140, decided in 1840, and one of the late cases is Carrs Fork Coal Co. v. Johnson Drug Co., 249 Ky. 371, 60 S. W. (2d) 952. Interspersed between these two are many cases to the same effect, a few of which are Hall v. Scott's Adm'r, 90 Ky. 340, 13 S. W. 249, 11 Ky. Law Rep. 819; Burke v. Trabue's Ex'x, 137 Ky. 580, 126 S. W. 125; Hawkins v. Merchants & Mechanics Loan & Building Ass'n of Newport, 89 S. W. 197, 28 Ky. Law Rep. 243; Kentucky Title Co. v. English, 50 S. W. 968, 20 Ky. Law Rep. 2024. In this jurisdiction interest runs on an interest-bearing debt after its maturity as a matter of right. Hall v. Scott's Adm'r, supra; City of Covington v. South Covington & C. St. R. Co., 147 Ky. 326, 144 S. W. 17; Magruder v. Ericson, 146 Ky. 89, 141 S. W. 1195; Fyffe v. Skaggs, 246 Ky. 5, 54 S. W. (2d) 369; Kentucky Utilities Co. v. Farmers' Co-op. Stock Yards Co., 246 Ky. 40, 54 S. W. (2d) 364.

Appellee argues that where interest payable at stated intervals is not paid and thus becomes an interest-bearing debt, such interest may be compounded by adding it to the original debt so interest may be calculated on unpaid interest at every interest paying period provided in the original obligation. But none of the cases just cited so hold and we have not been referred to any authority, nor have we found one in this State,

to the effect that the unpaid interest, in the absence of a specific agreement, may be compounded by adding it to the original debt so it may draw interest on interest at every interest paying period named in the original obligation. Appellee cites Bramblett v. Deposit Bank of Carlisle, 122 Ky. 324, 92 S. W. 283, 6 L. R. A., N. S., 612, as supporting its contention that this unpaid interest should be made a part of the principal and thus draw interest calculated at the same rest periods provided in the principal debt. But in the Bramblett case the parties agreed that the unpaid interest should be included in a renewal note which of course amounts to a new loan. Thus the facts in that case remove it from the realm of the question under discussion. Hall v. Scott's Adm'r, supra, holds that each unpaid interest installment becomes a separate debt after maturity. Thus if interest is payable semi-annually and is not met when due, two new debts come into existence that year; and if the interest is payable annually and remains unsatisfied, then one new debt comes into existence that year. However, after the original obligation matures then the unpaid interest, even though it is due semi-annually, or quarterly, does not become a new debt and is calculated as simple interest without regard to the interest paying period named in the original obligation. See Magruder v. De Haven's Adm'r, 52 S. W. 795, 21 Ky. Law Rep. 580.

Simple interest and compound interest are defined thus in 33 C. J. 179, Sections 2 and 3:

"§ 2. Simple interest is interest computed solely upon the principal.

"§ 3. Compound interest is interest upon interest; where accrued interest is added to the principal sum and the whole treated as a new principal for the calculation of the interest for the next period.

"There are two distinct methods of computing what is loosely termed compound interest. By the first method periodical rests are made and at each rest the principal and the accrued interest thereon is combined into a new principal which bears interest until the next rest and so on; this method results in giving interest not only upon the principal and upon the interest on the principal, but also in

giving interest upon the interest on the interest and so on ad infinitum until payment, and this is what is meant by 'compound interest' when the term is used in its strict sense. By the other method, the accrued interest is not combined with the principal but each installment of interest on the principal becomes itself a new principal which bears simple interest, but no interest is allowed upon the interest on the interest; and although this method is also sometimes called compound interest, it has been more correctly described as a middle course between simple and compound interest."

We find this text supported in Bledsoe v. Nixon, 69 N. C. 89, 12 Am. Rep. 642; Morgan v. Mortgage Discount Co., 100 Fla. 124, 129 So. 589; Union Central Life Ins. Co. v. LaFollette, 150 Or. 455, 44 P. (2d) 165. This so-called "middle course," which is neither strictly simple interest nor strictly compound interest, is the one which is applicable under the rule in this State to the case at bar.

Appellants rely upon Stauffer v. Northwestern Mut. Life Ins. Co., 184 Wash. 431, 51 P. (2d) 390, and Goodwin v. Northwestern Mut. Life Ins. Co., 196 Wash. 391, 83 P. (2d) 231, as supporting their position that appellant could only charge 6 per cent straight interest on its debt from the date of the original loan agreement. These cases do hold such to be the law in the State of Washington and they cite Cullen v. Whitham, 33 Wash. 366, 74 P. 581, and Lacey & Co. v. McCarthy, 168 Wash. 579, 13 P. (2d) 11, to the effect that in that State where a note provides for the annual payment of interest only simple interest can be collected. But we have seen there is a different rule in this State, hence the Stauffer and Goodwin cases are inapplicable.

When interest is calculated on this $1,735 loan from August 6, 1927 (its date) to August 24, 1937 (the date the Company gave notice the debt and interest were in excess of the cash surrender value of the policy), on the basis that each unpaid installment of interest becomes a separate debt when not paid at maturity and bears simple interest from the date it matures until paid, it will be seen that the loan and interest did not equal the cash surrender value of the policy; therefore, the Company had no authority to cancel the policy. The

trial judge erred in overruling appellant's general demurrer to the answer of the appellee.

As it will be necessary for the interest to be calculated on this loan until the death of the insured, we think it not amiss that reference should be made to the proper rule which we lift almost verbatim from Hawkins v. Merchants & Mechanics' Loan & Building Ass'n of Newport, 89 S. W. 197, 28 Ky. Law Rep. 243, and Adams v. Illinois Life Ins. Co., 31 Ky. Law Rep. 1041, 104 S. W. 718: In making the computation, the method used for any interest-bearing note on which partial payments have been made, is to compute the interest due on said note up to date of any cash payments on same which may exceed the interest which may have accrued on said note up to that date, and provided the payment is more than said interest, add the accrued interest to the principal, and from the amount deduct the payment, the balance constituting a new principal as of that date. Should the payment not be sufficient to satisfy the accrued interest, it will be reversed (reserved) until the sum of the partial payment is sufficient to satisfy the accrued interest up to the date of the last payment, when the sum of said payments is to be credited in one amount, and are (is) to be deducted as before. The partial payments are to be applied first to the accrued interest, and then upon the principal; but they must not be so applied as to compound the interest by adding a part of the interest to the principal, and thus augmenting the sum upon which future interest is to be counted beyond the sum which was due at the last rest.

According to this rule interest should be calculated upon each unpaid interest installment from the time it was due until the death of the insured on December 31, 1937, as neither of the partial payments of $110.35 made January 14, 1930, and of $139.52 made November 7, 1934, equalled the amount of interest due on these respective dates. The insured is entitled to have simple interest calculated upon these partial payments from their respective dates until December 31, 1937, and the amount of these payments and the interest thus calculated will be subtracted from the interest the insured owed on the loan at the time of his death.

The judgment is reversed for proceedings consistent with this opinion.