# Brickley v. Standard Mortgage Co.

March 24, 1942.

Carl K. Helman and William E. Berry for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Standard Mortgage Company brought an' action against C. W. Brickley to recover on two promissory notes executed by him. The petition was in two paragraphs. In paragraph 1 it was alleged that on January 25, 1929, C. W. Brickley executed to plaintiff his promissory note for $12,350, and that a balance of $8,111.25 was due thereon. In paragraph 2 it was alleged that on December 31, 1928, C. W. Brickley executed and delivered to plaintiff his promissory note for $3,750, and that $1,125 was still due thereon, with interest from Decem-

ber 1, 1931. The defendant filed an answer and several amended answers and counterclaims, but the principal issue finally made by the pleadings was one concerning the charging of usurious interest by the plaintiff. The defendant alleged that he had paid a large amount of usury, and that the total sum paid by him exceeded the face amounts of the two notes and the lawful interest thereon. On his motion, the case was transferred to the equity docket, and the chancellor referred the action to the commissioner of the court to hear proof and to determine the liability, if any, of the defendant on the two notes set up in paragraphs 1 and 2 of the petition and to determine the validity of defendant's claim of usury and the amount thereof, if any. During the hearing before the commissioner, the plaintiff abandoned its claim as to the $3,750 note set up in the second paragraph of the petition. The commissioner found that the sum of $2,887.19, with interest thereon from December 17, 1931, was due on the note set up in paragraph 1 of the petition subject to these credits: $95 as of December 20, 1934; $24.75 as of July 23, 1935; and $250 as of August 27, 1936. The chancellor confirmed the commissioner's report, and a judgment in accordance therewith was entered. C. W. Brickley has appealed.

The facts leading up to this litigation, briefly stated, are these: C. C. Eblen was a building contractor and developer of subdivisions in and near the city of Louisville. He purchased most of his building materials from the C. W. Brickley Lumber Company, a corporation of which the appellant, C. W. Brickley, was president and principal stockholder. Eblen financed the cost of the buildings erected by him by executing mortgages to the Lincoln Building & Loan Association of Louisville, and probably other financial institutions dealing in first mortgages, and for the balance he would execute to C. W. Brickley or the C. W. Brickley Lumber Company lien notes secured by second mortgages. C. W. Brickley discounted these notes with the appellee, Standard Mortgage Company, and assigned the liens securing their payments to it. By an agreement between Brickley and Eblen the latter was to make payments to the Standard Mortgage Company, which were to be credited on Brickley's indebtedness to it. Eblen became financially involved and fell behind in his interest payments to appellee. Eblen conveyed all of his property to Brickley, who assumed the payment of the first and second mortgages. The note

sued on in the first paragraph of the petition was a renewal of earlier notes. The first note executed by Brickley to appellee was for $13,600, and was dated December 8, 1926. Appellee charged 10 per cent. commission, or $1,360, for making the loan, and after deducting this amount from the face of the note credited Brickley with the net proceeds, $12,240. It also charged interest at the rate of 6 per cent. on the principal amount of $13,600. On December 8, 1927, Brickley executed to appellee a note for $17,500. The commission charged, $1,750, was deducted, and Brickley was credited with the net proceeds, $15,750. Out of the net proceeds the note of December 8, 1926, was paid. On January 25, 1929, Brickley executed to the appellee the note referred to in paragraph 1 of the petition and, as collateral, repledged the unpaid second lien notes on the property described in the deed to him from Eblen, which had been executed February 25, 1928. The principal amount of the note was $12,350, and the appellee deducted its commission of $1,235, leaving a net amount of $11,115 credited to Brickley. Pursuant to an agreement between Brickley and the Lincoln Building & Loan Association, which held the first mortgages on the property, Brickley conveyed all the property which had been deeded to him by Eblen to Robert Speckman, who later conveyed it to the Lincoln Building & Loan Association. After the Association acquired title to the property, appellee released its second mortgage liens thereon in consideration of the payment of $250.

As one defense Brickley pleaded that he was acting as trustee for C. C. Eblen and was not personally liable on the note. A contract between C. C. Eblen, C. W. Brickley and the C. W. Brickley Lumber Company dated December 15, 1926, was the basis for this plea. The appellee was not a party to this contract, and appellant's own evidence shows that the contract was induced by appellee's refusal to renew Eblen's notes. It did agree to accept C. W. Brickley as principal on the notes in lieu of Eblen, and the note sued upon contains an unqualified promise to pay by appellant. The contract of December 15, 1926, relied upon by appellant shows on its face that he was assuming Eblen's liability to the appellee. Paragraph 2 of the contract reads:

"The party of the second part (C. W. Brickley) stipulates that the above mentioned mortgages and

liens were executed to him by C. C. Eblen only as trustee for said C. C. Eblen and the party of the third part (C. W. Brickley Lumber Company), for the aforenamed purposes, and that he individually has no interest in any of said notes, mortgages or liens, except to the extent of any obligation on his part insofar as the execution of the aforesaid note for $13,600 to the Standard Mortgage Company is concerned.''

As between C. W. Brickley and the Standard Mortgage Company, Brickley was the principal obligor and not a surety or trustee.

Appellant complains of the formula adopted by the commissioner and the chancellor for purging the note of usury, and insists that the method of calculation submitted by him should have been used. This method consisted of crediting him with the 10 per cent. commission or service charge, 6 per cent. interest on that amount, and, in addition thereto, 6 per cent. interest on the amount denominated by him as interest paid on excess amount of note. Obviously this is a duplication of interest charges, and, consequently, the method of calculation submitted by appellant is incorrect. The rule in this state is that a debt may be purged of usury so long as any part of the principal debt remains unpaid, and the debtor may elect to have all payments made by him upon the indebtedness treated as payments, first, upon the legal interest due at the time the payments are made and then upon the principal. Goff v. Charles, 284 Ky. 64, 143 S. W. (2d) 866; Wren v. Peoples' Bank, 237 Ky. 398, 35 S. W. (2d) 566; Taulbee v. Hargis, 173 Ky. 433, 191. S. W. 320; Ann. Cas. 1918A, 762; Kentucky Statutes, Section 2219. The commissioner stated in his report that the proper formula for purging the debt of usury was to credit the defendant, at the time of the renewal of each note, with the full amount of the service charge and 6 per cent. interest on this charge, which was the excess interest paid by him. However, the plaintiff in its calculation of the usury also included interest on the so-called excess interest, and the commissioner adopted the plaintiff's method of calculation. Appellant cannot complain of this, since it is more favorable to him than the method declared by the commissioner to be the correct one. Under Section 2219 of our Statutes payments on the usurious debt will be first applied to the discharge

of the legal interest and then to the principal remaining unpaid. When the interest is calculated in this manner, the debt is purged of usury and the debtor pays only what is equitably due; that is, the principal and legal interest. Bramblett v. Deposit Bank, 122 Ky. 324, 92 S. W. 283, 6 L. R. A., N. S., 612.

The commissioner's report approved by the chancellor gave appellant credit on his debt to appellee for the maximum amount of usury included in the transaction, and the judgment is accordingly affirmed.