# Aetna Life Ins. Co. v. Magruder's Ex'x.

March 2, 1943.

As Extended on Denial of Rehearing March 26, 1943.

Louis Seelbach, Bullitt & Middleton, and Hubert T. Willis for appellant.

T. C. Carroll for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On May 7, 1927, appellant issued to Theodore L. Magruder a life insurance policy in the sum of $1,000. The premium was $22.58 per annum, "to be paid to the company on or before the seventh day of May in each and every year during the lifetime of the insured." The insured paid the premium each succeeding year including the premium due May 7, 1932, but did not pay the premium due May 7, 1933, except a pro rata part thereof under the "Automatic premium loan" clause of the policy which reads:

"If due written request for the operation of this provision has been filed at the Home Office of the Company before default in payment of premium, thereafter until a written revocation of said request has been filed with the Company, the amount of any premium not paid before the end of the grace period will automatically be loaned by the Company in payment of such premium and charged as an indebtedness secured by this policy, subject to inter-

est at the rate of six per cent. per annum as prescribed for loans, provided that the total indebtedness hereunder will then be within the loan value described in Section 6. If the loan value is insufficient to cover the whole premium, the Company will loan a pro rata premium for as long a period as the loan value will allow. At the end of such period, if the balance of the premium be not paid, this policy shall cease; subject, however, to thirty-one days' notice as provided in Section 6 hereof.

"While this policy is continued in force as above, the whole or any part of the indebtedness may be repaid and payment of premiums may be resumed at any time without furnishing evidence of the good health of the insured."

Pursuant to the above clause of the policy the premiums were paid by appellant company by advancing loans to the insured for the amount of the premium due each year respectively on the security of the loan value of the policy which kept it in force and effect until the latter part of the year 1940, the exact date being in dispute between the parties, which is the basis of this action. The insured died on December 15, 1940, and appellee, administratrix of insured's estate, brought this action against appellant to collect the principal amount of the policy. Appellant defended upon the ground that upon default of the payment of the premium due May 7, 1933, the loan value of the policy under the clause quoted above was sufficient only to keep the policy in force until October 22, 1940, and therefore it was not in force at the time of insured's death. Upon a trial of the case the court held that the policy was in force at the time of insured's death and entered judgment in favor of appellee for the sum sued for, or $1,000, the face value of the policy. The facts are not in dispute and the only proof was the testimony of the officers of appellant company taken by interrogatories annexed to appellee's petition, and according to their testimony and method of calculation the policy expired on October 22, 1940. The calculation was made upon the theory that May 7 is the proper due date of the premiums and that no usury or improper interest was charged the insured on the loan.

The method of calculation as made by the actuary of defendant company is not disputed, or at least it is uncontradicted, provided, however, that May 7, 1927, the

date of the issuance of the policy, is the proper due date of the annual premium after the first one was paid and the loan value of the policy should be based upon that date, and that no usury was charged insured on his indebtedness to the company. In appellee's original petition it is alleged that the policy was issued on May 7 and the premium paid on that date, but by amended petition appellee corrected that allegation and pleaded a provision of the policy which provided that "This policy shall not be effective until the first premium upon it is paid during the good health of the insured," and alleged further that the first premium was paid on the first day of June, 1927, instead of May 7 and that by reason of the payment of the annual premium of $22.58 on June 1, 1927, the policy was carried in force and was effective for one year from that date, or until June 1, 1928, and likewise subsequent premiums fell due on June 1 in each succeeding year, and treating June 1 as the proper due date of the premiums instead of May 7, making a difference of 24 days which should be added to October 22, which would extend the policy in force until November 15, 1940. And, it is the further contention of appellee that appellant charged the insured compound interest on the loan advanced on the loan value of the policy for the payment of the premiums, in the manner previously stated, instead of simple interest at the rate of 6%, resulting in an overcharge of $4.91, and this sum taken into consideration plus the 24 days referred to above would have kept the insurance in force until after December 15, the date of insured's death.

The first question—the effective date of the policy and due date of the premiums—presents no new question for this court. That question was definitely determined in the case of Wilkinson v. Commonwealth Life Insurance Company, 176 Ky. 833, 197 S. W. 557, 558, 6 A. L. R. 769. In that case the policy was issued and dated September 30, 1914, but was not promptly delivered because of the intervening insanity of the local agent to whom the insurance company had sent it for delivery. The policy was finally delivered and the first premium paid on October 17, 1914. A check for the second premium was sent to the company on November 10, 1915, at which time the insured was ill in a hospital. The company returned the check with a request for evidence of insured's good health in order to reinstate the policy, claiming that

the grace period for the payment of the second premium had expired October 31, 1915, and the policy lapsed on that date and was not in force at the time the insured died. Suit was brought to recover on the policy on the theory that although the policy was issued and dated September 30, 1914, yet it was not delivered and the first premium not paid until October 17, 1914, and because of a provision in the policy which provided that the company should not be liable until the policy should have been delivered to the insured and the premium paid during his good health, the effective date of the policy was October 17, 1914, and therefore the second premium was not due until October 17, 1915, and that the grace period within which to pay the second premium did not expire until November 17, 1915, and, since the policy had not expired there was no necessity for a showing that the insured was in good health when the second premium was tendered on November 10, 1915. A recovery was denied in the circuit court and on appeal to this court the judgment was affirmed, holding that September 30, 1914, the date of the issuance of the policy, was the effective date of the same and subsequent premiums thereon rather than the date of the delivery of the policy and the payment of the first premium. The court said in part:

"There was no direct evidence of actual fraud or mutual mistake on the part of the parties; but it is insisted for the appellant that, where the application for a term policy stipulates that the liability of the company shall not begin until the policy is delivered and paid for during the good health of the insured, it is such character of constructive fraud or inequitable conduct or gross mistake for the company to antedate such policy by 17 days before delivery, and thus make the subsequent annual premiums, payable 17 days earlier each year, as will authorize a court of equity, after loss, to reform such policy, both as to the date thereof and the erroneous date specified for payment of subsequent annual premiums, and then enforce payment of the policy."

The court further pointed out that there was neither pleading nor proof to the effect that the parties made any other agreement than set forth in the contract of insurance and that the policy was not antedated, and that in accordance with the common practice of insurance

companies the policy was dated the day it was issued and subsequent annual premiums were made payable on the same date in the succeeding years. In the course of the opinion the court further said:

"When the policy was delivered, no representation was made to the insured that would tend in the least to mislead him as to the time the subsequent premiums would become due. The policy provided that they should become due on September 30th in each year. Whether the insured observed this fact, or not, we cannot say. He did examine the policy and accept it as the contract between him and the company. Even if there then existed any substantial reason why he should not have ascertained the date of payment of subsequent premiums, this reason no longer existed when he received in the month of August a notice that the second annual premium would be due on September 30, 1915, and a second notice during the first week in October, and also the letter on October 26th, advising him that the period of grace would expire on October 30th. Notwithstanding these facts, he made no claim of fraud or mistake in the policy as to the time when the premiums were due and payable. He asked for no change, and none was made. Indeed, the claim of fraud or mistake now made is based entirely on the fact that as the insured paid for one year's insurance, and as the policy was not delivered and did not become effective until October 17th, 17 days after its date, subsequent premiums should have been made payable on October 17th in succeeding years, and not on the date the policy was issued. To uphold this contention would result in the making of a contract which the parties themselves did not make."

There are many other pertinent facts in common between the case supra and the case at bar which might be here pointed out, but since a reference to that opinion is sufficient we deem it unnecessary to further encumber this opinion by further elaborating that opinion. That case has been consistently followed and is included in the annotations on that subject in 6 A. L. R. 769 et seq., and subsequent cumulative annotations in 32 A. L. R. 1253, 80 A. L. R. 957, and 111 A. L. R. 1420.

In view of the authorities, supra, we find no escape from the conclusion that notwithstanding the provision in the policy that it was not to be in effect until the first premium was paid, which was not paid until June 1, 1927, all subsequent premiums became due on May 7 of each succeeding year, which is the proper date to be taken into consideration in determining whether or not the policy was in force at the time of the insured's death. Appellee argues that excessive interest was charged, but interest was calculated in the manner provided by the policy and approved in McWilliams v. Northwestern Mutual Life Insurance Company, 285 Ky. 192, 147 S. W. (2d) 79, where it was held that interest may be charged on unpaid interest installments if provision is made therefor in the policy. The loan provision of the policy here permitted such charge. The automatic premium loan provision reads:

"* * * the amount of any premium not paid before the end of the grace period will automatically be loaned by the Company in payment of such premium and charged as an indebtedness secured by this policy, subject to interest at the rate of six per cent. per annum as prescribed for loans."

This provision clearly subjects an automatic premium loan to the same interest charge as a contract loan on the policy.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.